JOHNSON v. PEOPLES BANK OF LITHONIA.

No. 11601. JANUARY 19, 1937.

*W. L. Nix,* for plaintiff in error. *J. A. McCurdy Jr.,* contra.

RUSSELL, Chief Justice. The Peoples Bank of Lithonia instituted suit against T. S. Johnson, alleging that he was indebted to it on two promissory notes, to secure the payment of which he had conveyed to the plaintiff certain described realty located in DeKalb County, and asking to have the judgment on the notes set up as a special lien on the realty. Mrs. Ellen Snell Johnson filed her petition to intervene, setting up that before the execution of the security deed the defendant had leased to her for a period of 99 years a portion of said premises; that immediately upon the execution of the lease she entered into possession of that portion, and since that time has been in open, notorious, quiet, peaceable, and uninterrupted possession thereof, and has erected thereon valuable improvements, a home in which she lives, at an approximate cost of $2800, which was done before the execution of the deed in favor of the plaintiff; that her open and undisputed possession of the portion of land leased to her was notice to all the world and to the plaintiff of her rights under the lease, and in addition the bank had actual notice of the existence of her leasehold estate, and it took the loan deed from the defendant with notice of and subject to her rights; that by reason of these facts the bank has "no right, either in law or equity, to sell said land, except subject to all of the rights of intervenor therein;" that a sale thereof without notice of her leasehold interest to any purchaser would complicate her interest and cause a multiplicity of suits, and a deed to the land under such a sale would constitute a cloud on her leasehold interest; and that she has no adequate remedy at law, and it is necessary to file this intervention in order that her interest may be fully protected. She prayed that the bank be enjoined from establishing any lien against the land, except that it be done subject to all of her rights under the lease from the defendant, and be enjoined from selling the land or offering it for sale, except that any sale made by it shall be made subject to all her rights therein under said lease. The judge disallowed this intervention, and the intervenor excepted.

It does not appear from the facts alleged that Mrs. Johnson was entitled to intervene in this proceeding. It does not appear that

any effort was being made to deprive her of any alleged right in the portion of land leased to her by the defendant. The plaintiff was merely seeking to reduce to judgment the indebtedness of the defendant on the two notes secured by deed, and to have the judgment established as a special lien on the land conveyed. The intervenor would not be bound or concluded by any judgment in such law action against the defendant or against the premises, as affecting her leasehold estate in the portion of the premises on which she resides. The judge did not err in refusing to allow the intervention. *Judgment affirmed. All the Justices concur.*