RUST & JOHNSON, plaintiffs in error, *vs.* WASHINGTON WOOLBRIGHT *et al.*, defendants in error.

A sold land to B, taking his notes for the purchase money, and giving a bond for the titles. A traded a portion of these notes to C, as collateral security for a debt he owed him. After this he brought ejectment against B for the land on his failure to pay. B filed an equitable plea claiming that he was entitled to a title, and asking that a general account be had between them, and that A make him a title. Whereupon C asked to be made a party to the proceeding, so as to protect his interest in the notes held by him:

*Held*, that it was error in the court to refuse to permit the movant to be made a party.

Parties. Bond for titles. Vendor and purchaser. Before Judge KIDDOO. Terrell Superior Court. November Term, 1874.

To report this case would simply be to repeat the above head-note.

VASON & DAVIS, by brief, for plaintiffs in error.

WRIGHT & POPE; C. B. WOOTEN; A. HOOD; S. D. IRVIN; HERBERT FIELDER; R. F. LYON, for defendants.

McCAY, Judge.

We think there was error in refusing permission to these parties to come into this litigation. As we understand the case made by the record, the defendant had set up a special plea, as though he had filed a bill in equity, which he may do under our law. In this plea was involved the whole question, not only what were the plaintiff's rights in the land, but whether he did not hold it subject to the defendant's right to a deed on the payment of the purchase money. The plea prayed a deed, and alleged he was ready to pay the whole balance of the purchase money due. These parties are the holders of some of the purchase money notes, as they allege, under an agreement that the title should not be made until they are paid. They are, in fact, necessary parties for the settlement of the whole dispute between the original parties

to the record. We do not see that their coming in will breed delay. It does not appear but that all parties will be just as ready to go on with the case, if they be parties, as not. It is clear to us that, under their allegations, they have rights. They have a right that the plaintiff shall not rescind the trade by a recovery of the land, and that the defendant shall not have a title until they are paid the notes they have.

