## CAMPBELL *v.* BUSH.

A surety upon a bail-trover bond taken under the provisions of section 4605 of the Civil Code can not, on the ground that at the time of the execution of the instrument he had a better title to ·the property sued for than the plaintiff in the trover action, maintain an equitable petition to enjoin that action and compel the plaintiff therein to litigate with him upon such petition over ·the title to the property in question.

Argued January 11,— Decided January 29, 1901.

Injunction.　Before Judge Lumpkin.　Fulton superior court.　December 15, 1900.

*Tompkins & Alston*, for plaintiff in error.
*John C. Reed* and *McElreath & McElreath*, contra.

LUMPKIN, P. J.　By referring to 111 *Ga.* 200, it will be seen that Campbell brought an action of bail-trover against Morgan in the city court of Atlanta, which resulted favorably to the latter, and that Campbell brought the case here and obtained a reversal of the judgment of the trial court.　After the judgment of this court was made the judgment of the court below, Bush filed against Campbell, in the superior court of Fulton county, an equitable petition in which was set forth a detailed history of the litigation between Campbell and Morgan.　In addition thereto, the petition of Bush alleged, in substance, the following facts:　When the bail-trover suit was instituted, Bush signed the bail-bond as a surety.　He was at that time really the owner of the property, and felt that in signing the bond he was incurring no liability but simply taking a proper step to defend his own property.　He held it under a bill of sale from Morgan, which (for reasons stated) was entitled to priority over the bill of sale held by Campbell; so that really, as against Campbell, petitioner had a good title to the property in dispute.　The Supreme Court having decided that Morgan could not defend Campbell's action on the ground of petitioner's outstanding title, and also that Morgan could not, as against Campbell, set up the defense of

47

usury, "petitioner can find. proper redress only by bringing this petition and obtaining an injunction of said suit until a final decree in the same; for if he did not bring said suit, he would be compelled, when said Campbell gets final judgment, to present said property in accordance with said bond, or to pay the penalties of said bond, and when he [presented] said property he would be forced to allow it sold, and then he would have no remedy but to sue the purchaser." The prayers of the petition were, that the action of Campbell against Morgan be enjoined, and that petitioner have a decree against Campbell "that said personal property belongs to petitioner and is in no way liable to the claim of said Campbell." To this petition Campbell demurred on several grounds, one of which was as follows: "The obligation entered into by the said R. P. Bush as bondsman was for the eventual condemnation-money for whatever amount judgment may be rendered in the suit of J. A. Campbell *vs.* W. A. Morgan in the city court of Atlanta, and the said Bush is bound by the fact of that judgment, and any rights that he may have by virtue of his bill of sale can not in any way affect the rights of this defendant; but, regardless of what rights he might have to the personal property described in his petition, as against this defendant, he is bound for the eventual condemnation-money, and therefore petitioner's petition presents no cause for equitable relief." Campbell also filed an answer to Bush's petition, and the petition itself was amended. At the hearing before the judge, the question of granting or refusing an interlocutory injunction was submitted upon the pleadings, including the demurrer, and certain evidence introduced by the parties. A temporary injunction was granted, and Campbell excepted. As our judgment is based upon the proposition that the ground of the demurrer copied above was good, it is unnecessary to set forth the contents of the amendment to the petition or of the defendant's answer (neither of them containing anything affecting the merits of the question presented by the demurrer), or to state what the evidence was.

We are clearly of the opinion that, for the reason given in the demurrer, the plaintiff's petition was without equity or merit. The case turns upon an application of the simple rule that when one makes a valid and binding contract, he must abide by its terms, unless he shows some sufficient reason for not being compelled to do so. By signing the bail-trover bond, Bush voluntarily con-

tracted with Campbell for the forthcoming of the property "to answer such judgment, execution, or decree as [might] be rendered or issued in the case," i. e. the bail-trover action, and also bound himself "for the payment of the eventual condemnation-money" therein. See Civil Code, § 4605. He thus intentionally and deliberately took the chances of Morgan defeating Campbell's suit. He thought, when he signed the bond, that he would incur no risk, for he was then confident that Morgan would win. After the decision by this court in the bail-trover case, he feared, and with good reason, that Morgan would not prevail, and then sought to introduce himself as a party to the litigation between Campbell and Morgan, and thus force Campbell to contest with him the question of title to the property in controversy. There was no such issue as this in the bail-trover action, and Bush alleges no equitable reason for being allowed to do what he now seeks to do. That he may have entertained a mistaken view of the probable outcome of the Campbell–Morgan case affords no excuse for not standing up to his own contract with reference thereto. That contract was, not that Bush should be liable upon his bond only in the event his claim of title was inferior to that relied on by Campbell, but that he should become liable if Campbell established a right to the property superior to Morgan's claim of title thereto. Conceding that Bush, for any good reason, has a better title to the property than Campbell, this would not warrant an interference by Bush with the progress of Campbell's action against Morgan. Bush voluntarily bound himself to do certain things in the event Campbell prevailed over Morgan, and has no part or parcel in their controversy. Whatever may be his rights because of a superiority of title over Campbell, if it really exists, must be established elsewhere and in some other manner. He can not take away from Campbell his cause of action against Morgan, or convert the trover suit into a contest between himself and Campbell. The injunction ought to have been denied.

*Judgment reversed. All the Justices concurring.*