## DELANEY *v.* SHEEHAN *et al.;* and *vice versa.*

1. Where an action of trover, with an affidavit to require bail, was brought to recover a piano, it was error, over objection, to allow a third party to file an intervention in the case, alleging that he, or one under whom he claimed as transferee, had purchased the piano from the defendant on the instalment plan, had paid all of the purchase-money except an amount stated, and was entitled to have the property upon paying the balance, and that the trover suit was collusive, and praying equitable relief.

2. The ruling just stated, as to the first of the cases here decided, applies to the second case, which being controlled finally by the decision of the question raised therein by the cross-bill of exceptions, the main bill of exceptions is dismissed.

AUGUST 15, 1912.

Interventions. Before Judge Hammond. Richmond superior court. November 21, 1910. February 11, 1911.

James Delaney brought an action of trover against the Thomas & Barton Company, to recover a piano. Affidavit was made to require bail, and the sheriff seized the property. The defendant answered, denying all the allegations of the petition, and also pleaded that it had delivered the piano to the deputy sheriff and, on his order, to the plaintiff. James Delaney died, and Mamie Delaney, his widow and sole heir, was by consent made the party plaintiff in his stead. Edward Sheehan filed an equitable intervention, alleging in substance as follows: Jennie T. Sheehan purchased the piano from the Thomas & Barton Company for $800 and paid $720 of the purchase-price, leaving a balance of only $80 due. In-

tending to leave Augusta for a time, she placed the piano with the company from which she purchased it, to be held by it on storage, subject to her further order. Subsequently she sold and transferred the piano to this intervenor, for a valuable consideration. The plaintiff in the action of trover had no lien, claim upon, or interest of any sort in the piano, and the defendant company had no interest in it except to the extent of the balance of $80 unpaid purchase-money. Jennie T. Sheehan was indebted on a general commercial claim to James Delaney. He and the defendant company entered into a collusive arrangement to place the piano in his custody and control, and in pursuance of such arrangement he paid to the company the balance of $80 due on the purchase-money, and, without any further right in law, filed this trover suit against the company, claiming title to the property. It was seized by the deputy sheriff under bail process, and was left by him in the possession of the defendant under a written receipt. On the same day the deputy sheriff gave his order on the defendant for the delivery of the piano to Delaney, which was made, and it was held by him to the date of his death and afterwards remained in the possession of his wife and sole heir, who was made the plaintiff in his stead. The former plaintiff and the present plaintiff have had continual use of the piano. The rental value was much in excess of the $80 balance due for the purchase-price. If it should not be so found, then this intervenor is willing to pay to the plaintiff the whole of the $80, or whatever portion thereof may remain due after deducting the rental value as the court may determine; and he tenders into court $85 to cover the balance and interest, if any. He contends, however, that the rental value is more than the balance due on the purchase-money, and prays judgment for the excess thereof. He agrees to abide the decisions of the court as if he had been served with process, and prays "that he be made a party to said case, and that this court of equity will now take complete control of the same in all of its phases, and will determine how much rent the plaintiff shall pay for said piano, and how much money, if any, is due by this intervenor on the balance of the purchase-money, and that the court will render such judgment and decree as will protect this intervenor in his right to said piano, and to compensation for the use thereof, and as will do justice to all parties concerned." By amendment he added, to the

averment that the piano had been sold and transferred to him, the further allegation that the sale and transfer was made under a mortgage originally made by Jennie T. Sheehan to the Irish-American Bank for $3,000, which indebtedness this intervenor "took up," and the note and mortgage were paid by him and the papers delivered to him by the bank.

Jennie T. Sheehan filed an intervention, in which she prayed to "be made a party to said case," and offered to abide the decision of the court in whatever manner it might affect the rights of herself or others as though she had been served with process. She alleged that all of the facts set out in the intervention of Edward Sheehan were true, and she joined in the prayers thereof. She further alleged that the piano was legally transferred to Edward Sheehan and he had the right to file his intervention, but if there could be any question of the completeness of the transfer of title from her to him, the title must be vested either in him or in her, or in both of them together, and in no event could Delaney, by paying the balance of the purchase-money due by her to Thomas & Barton Company, acquire any legal right to seize and appropriate the piano, which was worth $800 and on the purchase-money of which she had paid $720.

The plaintiff in the trover suit moved to strike each of these interventions, on the ground, among others, that there was no authority of law for the intervenors to file such interventions in a bail-trover case. He also demurred to the interventions. The presiding judge overruled the motions and the demurrers. In the progress of the trial certain evidence was introduced, which, in the opinion of the judge, rendered it impossible for Jennie T. Sheehan to have a recovery. The bill of exceptions recites that thereupon, upon motion of the plaintiff, the court granted an order "eliminating" that intervenor from the case. The jury found a verdict in favor of Edward Sheehan, and a judgment was entered directing the piano to be delivered by the sheriff to him, upon the payment by him of $95.15, with interest, and judgment for costs was rendered against the plaintiff in the trover suit. The plaintiff moved for a new trial, which motion was overruled. She excepted, and assigned error on the refusal of a new trial, and also on the overruling of the motion to strike the intervention of Edward Sheehan. Jennie T. Sheehan filed a bill of exceptions, as-

signing error upon the judge's action in "eliminating" her from the case under the evidence. Mamie Delaney filed a cross-bill of exceptions, assigning error upon the refusal to strike the intervention of Jennie T. Sheehan.

*C. E. Dunbar,* for plaintiff in error.

*C. H. & R. S. Cohen, W. H. Fleming,* and *S. H. Myers,* contra.

LUMPKIN, J. (After stating the foregoing facts.) The action to recover personal property, which goes by the name of trover in this State, is statutory, and can be employed when replevin, detinue, or trover lay at common-law. Where title is claimed, it must be legal, not equitable title. *Mitchell* v. *Georgia & Ala. Ry.,* 111 *Ga.* 760, 771 (36 S. E. 971, 51 L. R. A. 622). In that case there was a dissent, but it was not so much as to the rule as in regard to its application, the dissenting Justice holding that the prior possession with claim of interest there shown constituted such a title as the plaintiff could protect. By section 5406 of the Civil Code it is declared: "The superior courts of this State, on the trial of any civil case, shall give effect to all the rights of the parties, legal or equitable, or both, in favor of either party, such as the nature of the case may allow or require." This and kindred legislation was intended to afford a party the opportunity to have all his rights in regard to the subject-matter tried in one action in the superior court, without the necessity of having two distinct suits to settle his legal rights and his equitable rights against the adverse party. Sometimes equitable pleadings by one of the parties may require the making of additional parties, in order that full relief may be granted. But we know of no law by which a third person can, over objection, enter a common-law suit between two parties by which one seeks to recover personal property from the other, file an equitable intervention asserting that neither of the parties is entitled in equity to the property, but that he is so entitled upon paying a balance of purchase-money, and praying relief accordingly. To permit such a proceeding would create endless confusion. The question of whether the plaintiff has a legal right to recover in his suit against the defendant would be lost in the question of whether a third person, who was neither plaintiff nor defendant, had equitable rights against the plaintiff or defendant, or both. The intervenors had been guilty of no conversion, and the plaintiff did not so claim. Intervenors pro

interesse suo are not known in ordinary common-law suits. In a suit on a note or account, it would not be contended that a third person, who was neither plaintiff nor defendant, could force himself into the case and set up that neither the plaintiff nor the defendant should have a verdict determining the issues between them, but he should have a verdict establishing some equity in himself.

It is declared by the Civil Code, § 5683, that "No amendment adding a new and distinct cause of action, or new and distinct parties, shall be allowed unless expressly provided for by law." If this can not be done by the parties to the cause, much less can it be done at the instance of an outsider, a new and distinct party who wishes to enter the common-law action, in spite of the parties to it, and set up a new and distinct equitable cause of action in himself. A case sounding in trover, like that here involved, bears no analogy to petitions in the nature of creditors' bills, or like equitable proceedings, or proceedings properly called in rem, in which a person interested in the subject-matter may intervene. Here the parties did not enter the forum of equitable proceedings. They stood on their common-law rights. The intervenors alone sought to change the nature of the case.

Counsel for the intervenors quoted and relied on a sentence in the opinion in *Central Bank* v. *Georgia Grocery Co.,* 120 *Ga.* 883, 885 (48 S. E. 325). In that case an action of trover was brought, and an affidavit made, in accordance with the statute, to require bail. The sheriff accordingly seized the property. A third party filed an affidavit and bond, in the usual form appropriate to making a statutory claim to property seized under a levy. The trial judge dismissed the claim on the ground that it could not be filed by a third person to property seized by a sheriff under proceedings to require bail in a trover suit. This judgment was affirmed, and the point thus raised was the only one before the court for decision. Near the close of the opinion occurs this sentence: "A third person claiming title to the property which is the subject-matter of a trover suit may become a party defendant, or, in a proper case, file an intervention and have his title adjudicated." As it does not appear that there was any motion to make the claimant a party defendant in that case, or effort to file an intervention, what was said on that subject was obiter dictum. Even if it were taken as a ruling, it would not help the intervenors in this case.

They did not propose to become parties defendant, nor was it "a proper case" in which they could file equitable interventions. It is unnecessary to decide whether there may be any conceivable case in which a third party may, of his own motion and over objection, be made a party to a trover case, or file an intervention therein. If so, this is not such a case. Nor is it necessary to consider the demurrers to the interventions. Such interventions could not properly be filed at all, without reference to whether their allegations showed grounds for equitable relief. If the intervenors have any legal or equitable rights against one or both of the parties to the trover case, they may assert them in a proper proceeding. But the refusal to strike their interventions was erroneous. As in the case of Mamie Delaney this point is raised by the cross-bill of exceptions; and as the ruling finally controls the case, under the practice heretofore established the original bill of exceptions in that case will be dismissed, without passing on its merits.

*In first case, judgment reversed. In second case, judgment reversed on cross-bill of exceptions; main bill of exceptions dismissed. All the Justices concur.*