## TANNER *v.* AMERICAN NATIONAL BANK OF MACON.

A bank sued H. on a note payable to his order and indorsed in blank by him. H. pleaded that the bank was not a bona fide holder, and had notice at the time it took the note that T. was the legal owner thereof; and that at maturity he paid the note to T. T. filed a petition to intervene, adopting the allegations of the plea of the defendant, and further alleging that he had agreed to indemnify H. against a second payment of the note. *Held,* that T. had no right to intervene merely for the purpose of contesting the plaintiff's right to judgment against the defendant.

JULY 13, 1916.

Intervention. Before Judge Highsmith. Jeff Davis superior court. February 16, 1915.

*J. W. Quincey, L. E. Heath,* and *Lankford & Moore,* for plaintiff. *Hardeman, Jones, Park & Johnston,* contra.

EVANS, P. J. The American National Bank brought an action against Elias Hinson, to recover an amount alleged to be due upon two notes, made by Elias Hinson, payable to his order, and indorsed in blank by him and by the Brown Wagon Company. Hinson pleaded, that the bank was not a bona fide holder; that B. H. Tanner was the owner of the notes, and the bank had notice of this fact when it obtained possession of them; and that when the notes matured Hinson paid them to Tanner, who was the legal owner. In this state of the pleadings Tanner filed a petition to intervene, alleging, that the full amount of the notes had been paid to him by Hinson; that he was liable to Hinson for any amount which might be recovered in the action by the bank, and

had agreed to pay any judgment that might be rendered against Hinson on the notes; and that he was the owner and legal holder of the notes at their maturity, and at the time they were paid by Hinson. He offered to pay any judgment that might be recovered against Hinson, and asked that he be allowed to appear and defend against the action. The court declined to allow the intervention.

It was said in *Delaney* v. *Sheehan,* 138 *Ga.* 510, 513 (75 S. E. 632), that "Intervenors pro interesse suo are not known in ordinary common-law suits." In that case the court refused to allow a third person to intervene in a trover case on the grounds that he had purchased the chattel involved from the defendant on the installment plan, and had paid all of the purchase-money except amounts stated, and was entitled to have the property upon paying the balance, and that the trover suit was collusive. It is unquestionably the general rule at common law that persons who are not parties to a suit can not, in general, file an intervention therein for a stay of the proceeding or any other cause; the remedy being by original bill. There are some exceptions to the general rule, as where the intervenor sets up some right that would be directly affected by the judgment. An illustration of this is the case of *Rust* v. *Woolbright,* 54 *Ga.* 310. There A sold land to B, taking his notes for the purchase-money and giving a bond for title. A traded a portion of these notes to C, as collateral security for a debt he owed him. After this he brought ejectment against B, for the recovery of the land, on his failure to pay. B filed an equitable plea, claiming that he was entitled to a conveyance of title, and asking that a general accounting be had between them, and that A make to him a conveyance of title. Whereupon C asked to be made a party to the proceeding, so as to protect his interest and the notes held by him; and it was held that it was error for the court to refuse to permit the movant to be made a party. By bringing an action of ejectment the plaintiff in that case was undertaking to rescind the contract. The defendant was asking for an accounting, and that a title be made to him by the plaintiff, based upon that accounting; and the court held that the intervenor had the right to ask that the plaintiff should not rescind the trade by a recovery of the land, and that the defendant should not have a title until he had paid the notes held by the intervenor.

In many States interventions are regulated by statute. Most of them permit any person who has an interest in any matter in litigation to intervene by rule of court. This interest must be of such a direct and immediate character that the intervenor will either gain or lose by the direct effect of the judgment; the interest must be that created by the claim in suit, or a lien upon the property or some part thereof in suit, or a claim to a lien upon the property or some part thereof which is the subject-matter of litigation. Smith *v.* Gale, 144 U. S. 509, 518 (12 Sup. Ct. 674, 36 L. ed. 521). Even in those States a stranger can not come in the case merely for the purpose of contesting the plaintiff's right to recover. Hunt *v.* O'Leary, 84 Minn. 200 (87 N. W. 611); Hillier *v.* Stewart, 26 Ohio St. 652. In the instant case Tanner, who seeks to intervene, is not bound on the note, as indorser or otherwise. He prays no affirmative relief against any party to the suit. If a judgment goes against Hinson, no judgment in personam could be entered up against Tanner by the plaintiff. He is not a necessary party for Hinson's defense. His introduction into the case as a party defendant could only serve to lend friendly assistance to the defendant in contesting his liability to the plaintiff, which he could do just as well without becoming a party. The court properly declined to allow the intervention.

*Judgment affirmed. All the Justices concur.*