*S. Holderness* and *Harry M. Breed,* contra.

---

## POTTS *et al. v.* WILSON.

1. An amendment to a petition in a suit brought upon notes alleged to have been given in part for the purchase-money of a described tract of land, containing fifty acres, more or less, in which the word "fifty" was stricken from the description of the number of acres, and the word "five" was inserted, did not add a new and distinct cause of action.

(a) A motion for a continuance, based upon surprise by the amendment, was properly overruled, it not being stated that such surprise was not claimed for the purpose of delay only.

2. The general rule at common law is that persons who are not parties to a suit cannot file an intervention therein.

(a) There are some exceptions to this rule, as where an intervenor sets up some right that would be directly affected by the judgment; but in such a case the interest of the intervenor must be of such a direct and immediate character that he will either gain or lose by the direct effect of the judgment, and such interest must be created by the claim in suit, or a claim to a lien upon the property, or some part thereof, which is the subject-matter of the litigation.

(b) The intervention coming within the general rule, and not within the exception, and the interest set up therein not being created by the claim in suit or by claim to a lien upon the property involved, or some part thereof, the court properly rejected a deed from plaintiff to defendant to a tract of land containing 46 acres, in which there was a recital that a portion of the purchase-money of such tract belonged to the minor intervenors, said tract of 46 acres not being the one for which the notes sued on were given in part payment of its purchase-money.

3. The court having properly ruled that the intervention of the minors set up no case which would entitle them to recover, and the defendant having introduced no evidence to sustain her answer, the court properly directed a verdict for the plaintiff under the pleadings and proof.

4. Where an intervention in a pending case is instituted in behalf of minors by their next friend, and, upon the adverse termination of the case, the defendant therein and the minors by next friend sue out a bill of exceptions and bring the case to this court, such next friend is liable for the costs in this court, although the defendant files an affidavit in forma pauperis, and the next friend files an affidavit in which he swears that such minors are unable to pay the costs.

No. 4184.   MAY 14, 1924.

Complaint.   Before Judge Blair.   Cobb superior court.   November 19, 1923.

*W. A. James,* for plaintiffs in error.

HINES, J. Wilson, on October 31, 1923, brought suit in Cobb superior court against Kate Foster Potts upon five promissory notes, which he alleged were given by the defendant in part payment of the purchase-money of a described tract of land, containing fifty acres, more or less, which he had sold her, and to which she held his bond for title. He prayed judgment for principal, interest, and attorney's fees, and for a special lien upon the land. In her answer to this suit the defendant admitted the substantial allegations of the petition. She alleged, in defense, that petitioner "practiced fraud on her in selling to her the land described in paragraph No. 5 of the petition, in that he agreed to sell her fifty (50) acres, more or less, of land, and the same was valued with the house and five acres for a residence, and that the land outside of the five acres with the house is of little value when this part of the property is cut off from the farm land, inasmuch as it was purchased for farming purposes, and without the house and five acres could not be rented to a first-class tenant;" that she "held in her hands as administratrix certain large sums of money, which belonged to her children, namely, Roy Foster, Victor Foster, and Thelma Foster, who are children by a former marriage; that petitioner knew that she held this money as administratrix, and induced her to purchase this tract of land and invest the money belonging to the estate in it, which she did, and when it came to making the deed to the property purchased he would only make her a deed to that part of the premises purchased which did not embrace the house and five acres aforesaid;" that petitioner par-

ticipated in the misapplication of the funds belonging to the estate, and knew at the time he was so doing, and so manipulated the deal as to hold to himself said five acres of land, which was the most valuable part of the property purchased; that he accepted $3,000, which was a part of the estate's money, in payment of the whole tract, but reserved the most valuable part of the land, thereby perpetrating a fraud not only upon the defendant but also upon said minor children; that there is. no order of the superior court authorizing the expenditure of the funds belonging to the minor children; and that she had no experience in handling matters of this kind, and petitioner took advantage of this handicap in handling this transaction. She prayed that the trade between her and petitioner be rescinded and decreed null and void; that she have judgment against petitioner for $3,000, with interest thereon, and that it be fixed as a first lien on the property·described in paragraph 5 of the petition; and that the deed to her by petitioner, his bond for title, and the notes sued on be canceled.

Roy Foster, Victor Foster, and Thelma Foster, minors, by their next friend, L. S. James, intervened and alleged that more than $2,000 of their money was misapplied and fraudulently invested in lands fully described in defendant's answer; that neither plaintiff nor defendant had any authority to invest their money in said lands, and it was an actual fraud upon them to do so; that they desired to intervene and set up their equities in this case; and that they adopted so much of the answer as set up that their money was illegally invested by defendant and plaintiff, except that the sum stated by defendant does not represent all their money misapplied in said deal. They prayed that they be made parties; that the trade between plaintiff and defendant be declared rescinded; that they have judgment for the amount due them, with principal and interest, against plaintiff and defendant; that the judgment fix a first lien on all the property described in the petition and answer, which was the subject-matter of the trade between plaintiff and defendant, wherein their money was invested; that the deed and bond for title made by plaintiff to defendant be canceled; and that they have such other and further relief as the principles of justice and equity entitled them to. Other pertinent facts appear in what is hereinafter stated.

1. Plaintiff offered an amendment to his petition, striking from

his petition the words "fifty acres, more or less," from the description of the land therein given, and inserting in lieu thereof the words "five acres, more or less." Defendant and intervenors objected to the allowance of this amendment, on the ground that it changed the nature of the suit. The court overruled the objection, and allowed the amendment. Thereupon the defendant and intervenors claimed a surprise, and asked the court to continue the case, on the ground that they were less prepared to go to trial after the allowance of the amendment, and that it changed the number of acres of land involved in the trade between plaintiff and defendant, from fifty to five acres, which was a new and distinct addition to the petition. The court declined to continue the case. To the allowance of the amendment, and to the refusal to continue, the defendant and intervenors excepted.

The court did not err in allowing the amendment; the plaintiff having the right to amend in form or substance (Civil Code (1910), § 5681), and the amendment not adding a new and distinct cause of action (§ 5683). The court properly refused to continue the case after the allowance of this amendment, it not being stated that the surprise due to such amendment was not claimed for the purpose of delay. Civil Code (1910), § 5714.

2. Defendant and intervenors offered in evidence a deed from plaintiff to defendant, dated January 7, 1920, to a tract of land containing 46 acres, reciting that it was made for and in consideration of $3,000. This deed also contained a recital that $1,436.85 of its consideration belonged to the minor intervenors. To the introduction of this deed counsel for the plaintiff objected on the ground that it was irrelevant. The court sustained this objection, and rejected the deed. Defendant and intervenors excepted to this ruling, and assigned error on the grounds: (a) that this deed showed that the money of the intervenors had been received and misapplied by the plaintiff; and (b) because fraud was alleged in the transaction between plaintiff and defendant in obtaining and misappropriating the funds of intervenors, as set out in defendant's plea and in the intervention. Intervenors pro interesse suo are not known in ordinary common-law suits. *Delaney* v. *Sheehan*, 138 *Ga.* 510 (75 S. E. 632). The general rule at common law is, that persons who are not parties to a suit cannot file an intervention therein. *Tanner* v. *Am. Nat. Bk.*, 145 *Ga.* 512

(89 S. E. 515). There are some exceptions to the general rule, as where the intervenor sets up some right that would be directly affected by the judgment. *Rust* v. *Woolbright,* 54 *Ga.* 310. In such a case the interest of the intervenor must be of such a direct and immediate character that he will either gain or lose by the direct effect of the judgment; and must be created by the claim in suit, or a claim to a lien upon the property, or some part thereof, which is the subject-matter of the litigation. Smith *v.* Gale, 144 U. S. 509 (12 Sup. Ct. 674, 36 L. ed. 521). A stranger cannot come in the case merely for the purpose of contesting the plaintiff's right to recover. *Tanner* v. *Am. Nat. Bk.,* supra. Under these principles, the trial judge properly rejected this deed, as the case of the intervenors falls within the general rule above stated, and not within the exceptions thereto. The intervenors neither gain nor lose by the judgment against the defendant; and can bring an independent suit to recover any of their funds which may have been misapplied by the plaintiff and defendant.

3. The court having properly ruled that the intervention of the minors set up no case which would entitle them to recover, and the defendant having introduced no evidence to sustain her answer, the court properly directed a verdict for the plaintiff under the pleadings and proof.

4. Where an intervention in a pending cause is instituted in behalf of minors by their next friend, such next friend, upon an adverse termination of the case, is primarily liable for the costs. *Nance* v. *Stockburger,* 112 *Ga.* 90 (37 S. E. 125, 81 Am. St. R. 22). If, upon an adverse termination of the case, the defendant therein and the minors by their next friend sue out a bill of exceptions and bring the case to this court, such next friend is liable for the costs in this court, although the defendant in the action files an affidavit in forma pauperis, and the next friend files an affidavit in which he swears that such minors, from their poverty, are unable to pay the costs.

*Judgment affirmed. All the Justices concur.*