ARNOLD *v.* WEST LUMBER COMPANY *et al.*

No. 14932. SEPTEMBER 6, 1944.

210

*Noah J. Stone,* for plaintiff in error.

*Roy S. Drennan, John D. Allen, Mitchell & Mitchell, Carl F. Hutcheson, Claud F. Brackett, Scott, Dunaway, Riley & Wiggins,* and *J. Kurt Holland,* contra.

WYATT, Justice. The foregoing statement of facts will disclose that the proceeding filed by West Lumber Company against Briarwood Inc. was simply one for the enforcement of its claim of indebtedness, for the appointment of a receiver to protect and preserve the assets of the defendant, and for a determination of the amount and respective priorities of the claims of creditors of Briarwood Inc. The proposed intervention of Paul T. Arnold

simply shows that he was a former stockholder in and president of Briarwood Inc.; that when he transferred his stock to Guy W. Rutland Sr., a contract was made with Rutland, and Rutland has breached the terms of this contract; and that certain creditors of Briarwood Inc. have filed suits against Arnold in his individual capacity on accounts that are the obligations of Briarwood Inc. Arnold claims no interest in Briarwood Inc. or West Lumber Company, and seeks no judgment against either the plaintiff or the defendant, but insists that the creditors of Briarwood Inc. should be enjoined in this proceeding from prosecuting suits against him; and that, in this proceeding, he should have an accounting with and judgment against Guy W. Rutland Sr. The question is, can Paul T. Arnold, for these purposes, intervene in the proceeding by West Lumber Company against Briarwood Inc.?

It is insisted that the Code, § 37-1007, gives to him this right. This section reads as follows: "Where there is one common right to be established by or against several, and one is asserting the right against many, or many against one, equity will determine the whole matter in one action." We fail to see how this section can have any application to the state of facts now under consideration. The intervenor in the instant case has no common right with West Lumber Company, Briarwood Inc., or the creditors of Briarwood Inc. He simply seeks to have certain creditors of Briarwood Inc. enjoined from prosecuting suits against him, and a judgment against Guy W. Rutland Sr. for a claim against Rutland for breach of contract. True it is that the alleged breach of contract as to Rutland grew out of a transfer of stock of Briarwood Inc. by the intervenor to Rutland. This, however, is an independent and personal matter between the intervenor and Rutland, and can in no sense establish a common right as between or against the plaintiff, the defendant, or the creditors involved in the proceeding by West Lumber Company, against Briarwood Inc.

It is further insisted that the case of *Davis* v. *Warde,* 155 *Ga.* 748 (118 S. E. 378), is authority for this proposed intervention. The ruling in that case was that the intervenors had a common interest in the subject-matter of the litigation and could intervene, because they were taxpayers of the municipality. This holding has no application to the instant case. "It is not the right of a stranger to a pending cause to intervene therein, unless it is

necessary to his protection that he be allowed to become a party to the litigation and thus afforded an opportunity to resist the rendition of a judgment which would operate to his prejudice." *Clarke* v. *Whealley,* 113 *Ga.* 1074 (39 S. E. 437); *Clarke* v. *Harrison,* 182 *Ga.* 56 (3) (184 S. E. 620).

The intervenor in the instant case is a stranger thereto, and no judgment could be there rendered which could in any way prejudice his right to defend the suits brought against him by creditors of Briarwood Inc., or his right to proceed against Guy W. Rutland Sr. for breach of contract. "A person is not entitled to intervene where he has a remedy by an independent bill against both plaintiff and defendant and the petition to be made a party involves no principle to be settled in the case." 21 C. J. 344, § 343. In *Davis* v. *Warde,* supra, where the intervention was allowed because the intervenors were taxpayers of the municipality, it is stated that, "The general rule is that a stranger to a pending cause of action can not intervene therein, unless it is necessary for his protection that he be allowed to become a party defendant to the litigation, and thus afford him an opportunity to resist the rendition of a judgment which would operate to his prejudice." We conclude that the court committed no error in refusing to allow the plaintiff in error to intervene.

*Judgment affirmed. All the Justices concur.*