SAMPSON *v.* VANN *et al.*

No. 16195.   MAY 13, 1948.

*C. E. Hay,* for plaintiff.

*Alexander, Vann & Lilly,* for defendants.

CANDLER, Justice. (After stating the foregoing facts.) The question presented by the writ of error is whether or not the trial judge erred in allowing the intervention over the objection urged thereto. We think that he did.

The plaintiff's case is one at law to recover a judgment for the amount of principal and interest alleged to be due her by the defendant on a promissory note, and this is true notwithstanding the fact that the petition contained a prayer that the judgment be declared a special lien upon the property described in a deed which the defendant had executed and delivered to her as security for the obligation sued on. The prayer for a special lien is surplusage, and does not have the effect of changing the character of the action from one at law to one in equity, since all that is essential to the enforcement of the lien created by security deed is the rendition of a general judgment, reconveyance of title by the vendee to the defendant for the land embraced therein, and proof aliunde that such judgment was rendered upon the secured debt. Code, § 67-1501; *Edenfield* v. *Bank of Millen,* 7 *Ga. App.* 645 (67 S. E. 896) ; *Carlton* v. *Reeves,* 157 *Ga.* ·602 (3) (122 S. E. 320) ; *Burgess* v. *Ohio National Life Insurance Co.,* 177 *Ga.* 48, 52 (169 S. E. 364).

The general rule at common law is that persons who are not parties to a suit can not file an intervention therein. *Tanner* v. *American National Bank,* 145 *Ga.* 512 (89 S. E. 515). Our Code, § 81-1303, declares: "No amendment adding a new and distinct cause of action or new and distinct parties shall be allowed unless expressly provided for by law." It was said by this court in *Delaney* v. *Sheehan,* 138 *Ga.* 510, 513 (75 S· E. 632), that "Intervenors pro interesse suo [according to his interest] are not known in ordinary common-law suits." And in *Tanner* v. *American National Bank,* supra, this court held that a stranger cannot come in the case merely for the purpose of contesting the plaintiff's right to recover. That strangers, as ,a general rule, are not permitted to intervene in actions at law in this State, is well settled by the decisions of this court. *Delaney* v. *Sheehan,* supra; *Tanner* v. *American National Bank,* supra;

*Potts* v. *Wilson,* 158 *Ga.* 316 (123 S. E. 294) ; *First National Bank of Bainbridge* v. *Knowles,* 179 *Ga.* 377 (175 S. E. 791) ; *Travelers Insurance Co.* v. *Bumstead,* 182 *Ga.* 692 (186 S. E. 742) ; *Johnson* v. *Peoples Bank of Lithonia,* 183 *Ga.* 742 (189 S. E. 590). However, the general rule is not without exception. *Rust* v. *Woolbright,* 54 *Ga.* 310; *Potts* v. *Wilson,* supra. In the *Potts* case, after stating the general rule that persons not parties to a suit can not file an intervention therein, it was said:   "There are some exceptions to the general rule, as where the intervenor sets up some right that would be directly affected by the judgment. . . In such a case the interest of the intervenor must be of such a direct and immediate character that he will either gain or lose by the direct effect of the judgment; and must be created by the claim in suit, or a claim to a lien upon the property, or some part thereof, which is the subject-matter of the litigation." In *Johnson* v. *Peoples Bank of Lithonia,* supra, where the facts are in effect the same as here, except that the intervenor's lease contract predated the security deed, the court held:   "It does not appear from the facts alleged that Mrs. Johnson was entitled to intervene in this proceeding. It does not appear that any effort was being made to deprive her of any alleged right in the portion of land leased to her by the defendant. The plaintiff was merely seeking to reduce to judgment the indebtedness of the defendant on the two notes secured by deed, and to have the judgment established as a special lien on the land conveyed. The intervenor would not be bound or concluded by any judgment in such law action against the defendant or against the premises, as affecting her leasehold estate in the portion of the premises on which she resides." In the present case, if the prayers contained in the plaintiff's petition are granted in toto, she will in law have only a money judgment against the defendant by virtue thereof. Her rights under the security deed will be unaffected thereby, and that being true, the intervenor will neither gain nor lose by the direct effect of the judgment. In these circumstances the case falls within the general rule that a stranger may not intervene in a pending cause, and not within any exception thereto, and for that reason the court erred in allowing the intervention over objection.

*Judgment reversed. All the Justices concur.*