40667, 40668. CARSWELL v. CANNON et al.; and vice versa.

DECIDED SEPTEMBER 23, 1964.

316

*G. Lee Dickens, Sr., Thomas T. Purdom,* for plaintiff in error. *Randall Evans, Jr., Fulcher, Fulcher, Hagler & Harper, Wm. Fulcher, Thurman, Hester, Jolles & McElmurray, Cornelius B. Thurman, Jr., Hull, Willingham, Towill & Norman, A. Rowland Dye,* contra.

BELL, Presiding Judge. ■ The jurisdictional issue raised in the lower court cannot be resolved on this appeal as the exception involving the issue has been made by one who seeks to intervene in the case and who in that capacity must take the case as she finds it. *Charleston & W. C. R. Co. v. Pope & Fleming,* 122 Ga. 577 (1) (50 SE 374); *Seaboard A. L. R. v. Knickerbocker Trust Co.,* 125 Ga. 463 (54 SE 138); *Love v. Goodson,* 150 Ga. 46 (1) (102 SE 429); *Fountain v. Bryan,* 176 Ga. 31 (3) (166 SE 766); *Elliot v. Macauley,* 177 Ga. 96 (1) (169 SE 358). It is not within the intervenor's province to urge the defendants' pleas to the jurisdiction either in the trial court or on appeal, as the question of jurisdiction is personal, and can be insisted upon

only by the party with respect to whom the jurisdiction of the court is sought to be avoided. *Rice v. Tarver*, 4 Ga. 571; *Roberts v. Burnett*, 164 Ga. 64 (5) (137 SE 773); *Beacham v. Beacham*, 195 Ga. 9 (1) (22 SE2d 787). This disposes, adversely to Mrs. Carswell, of her exceptions to (1) the court's failure to rule on her objection to hearing Cannon's demurrers and to hearing Cannon's objection to allowance of the intervention and (2) the court's failure to rule on the pleas to the jurisdiction.[1]

■ Mrs. Carswell's assignment of error upon the judgment granting Cannon's oral motion to strike the intervention and Cannon's assignment of error upon the judgment overruling his objection to allowance of the intervention are governed by the same principles of law.

As a general rule, there is no right to intervene in an ordinary action at law. *Clarke v. Wheatley*, 113 Ga. 1074 (39 SE 437); *Delaney v. Sheehan*, 138 Ga. 510 (75 SE 632); *Davis v. Warde*, 155 Ga. 748 (118 SE 378); *Clark v. Harrison*, 182 Ga. 56 (184 SE 620); *Walker v. Hartford Acc. &c. Co.*, 196 Ga. 361 (26 SE2d 695); *Sampson v. Vann*, 203 Ga. 612 (48 SE2d 293); *Armour Car Lines v. Summerour*, 5 Ga. App. 619 (63 SE 667). In *Potts v. Wilson*, 158 Ga. 316, 320 (123 SE 294), it was held: "There are some exceptions to the general rule, as where the intervenor sets up some right that would be directly affected by the judgment. *Rust v. Woolbright*, 54 Ga. 310. In such a case the interest of the intervenor must be of such a direct and immediate character that he will either gain or lose by the direct effect of

---

[1] It seems clear that the pleas of several of the defendant banks if true as asserted must be controlled ultimately by the holding of the Supreme Court of the United States in the case of Mercantile Nat. Bank v. Langdeau, 371 U.S. 555 (83 SC 520, 9 LE2d 523) to the effect that Acts extant of Congress confer a personal privilege upon national banks exempting them from suits in State courts outside the county in which the particular bank is located. Another bank's plea if true as asserted appears to be controlled by the Mercantile Nat. Bank case coupled with the holding in Leonardi v. Chase Nat. Bank, 81 F2d 19, (2nd Cir.) to the effect that a national bank is not "established" in a county within the meaning of the Act by reason of having a branch bank there, but must be sued in its home county.

the judgment; and [the interest] must be created by the claim in suit, or a claim to a lien upon the property, or some part thereof, which is the subject-matter of the litigation." For the latest expression of the Supreme Court on this and related matters see the case of *Todd v. Conner*, 220 Ga. 173, 179 (137 SE2d 614).

In the instant case there is no specific fund or property in controversy, and any indebtedness of the defendants to either Cannon or Mrs. Carswell by contract arising from the defendants' offers of reward would amount only to an ordinary debt. One creditor of a common debtor has no right to intervene in another creditor's action at law for the recovery of a debt from the common debtor. *Askew v. Carswell*, 63 Ga. 162. This would be true even though the "creditors" each claimed that the same debt was owed to him. Any right that the defendants might have to join the two claimants in one proceeding has no effect on the question whether one claimant might voluntarily intervene in an action initiated by the other.

The instant case is not a proceeding in rem, and will not result in a judgment in rem under *Code* § 110-502 so as to be conclusive upon Mrs. Carswell. If Cannon should pursue his alleged cause of action to verdict and judgment in the absence of Mrs. Carswell's intervention, then her rights will not be affected by that judgment under *Code* § 110-501, since she will not have been a party to the case. *Blakewood v. Yellow Cab Co.*, 61 Ga. App. 149 (6 SE2d 126). As she will be free to pursue her own independent remedy against the defendants regardless of the outcome of Cannon's case, she has no interest that needs protection in the instant case, and thus her intervention should not have been allowed over the objection of Cannon.

It necessarily follows that there is no merit in Mrs. Carswell's exceptions to (4) the order disallowing her amendment and (5) the order denying her motion to vacate the judgment granting Cannon's oral motion to strike the intervention.

*Judgment affirmed on the main bill of exceptions. No judgment is necessary on the cross bill of exceptions, and it is dismissed. Jordan and Eberhardt, JJ., concur.*