42399, 42400. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. BROWN et al.; and vice versa.

ARGUED NOVEMBER 9, 1966—DECIDED NOVEMBER 21, 1966.

652

*Frank M. Gleason,* for appellant.

*John E. Wiggins, John W. Love, Jr.,* for appellees.

EBERHARDT, Judge. ■ We are met at the outset with the contention that State Farm, in its designated capacity as "nominal defendant," was not authorized to file a demurrer to the petition for damages. As an abstract proposition we would think that a "nominal defendant" would have the right at least to challenge the authority of the plaintiff to so name it, whether the challenge came by way of demurrer or motion. The par-

ticular circumstances of this case affirm that right. The granting of the motion to purge would have the effect of eliminating State Farm as a party defendant as would also the sustaining of the general demurrer. Although a motion was made to dismiss the demurrer, we do not find in the record any challenge to the authority of State Farm to file the motion to purge. Be that as it may, however, we do not think the plaintiff is in a position to complain of the defensive matter filed by State Farm. The petition prays in Subparagraph (a) that "process do issue requiring said *defendants* to be and appear at the Superior Court of Catoosa County, Georgia, within the time required by law, to answer this complaint." Although Subparagraph (b) of the prayer was amended so as to seek a money judgment only against "defendant, David Charles Blakely" rather than against *"defendants,"* Subparagraph (a) was not similarly amended. It thus appears that State Farm has duly complied with process issued pursuant to the prayer of plaintiff's petition. We hold that State Farm can challenge the authority of plaintiff to name it as a "nominal defendant" and that there was no error in denying the motion to dismiss its general demurrer.

■ Was the plaintiff authorized to name State Farm as a "nominal defendant" in the manner indicated? *Code* § 56-407A. (d) (*Code Ann.* § 56-407.1 (d)) provides: "If the owner or operator of any vehicle causing injury or damages be unknown, an action may be instituted against the unknown defendant as 'John Doe,' and service of process may be made by delivery of a copy of the motion for judgment, or other pleadings, to the clerk of the court in which the action is brought, and service upon the insurance company issuing the policy shall be made as prescribed by law as though such insurance company were a party defendant. The insurance company shall have the right to file pleadings and take other action allowable by law, in the name of John Doe: Provided, however, that in cases where the owner of the vehicle causing the injury or damages is known, a copy of service shall be made upon the insurance company issuing the policy as prescribed by law as though such insurance company were a party defendant."

State Farm contends that this statute does not authorize the insurance company to be named and served as a "nominal defendant" in a damage suit against the known uninsured motorist. We agree. The statute provides that "a 'copy of service shall be made upon the insurance company . . . *as though* such insurance company were a party defendant." (Emphasis supplied). The use of the words "as though" precludes the naming of the insurance company as a party defendant and the consequent issuance of process against it.[1] O'Brien v. Government Employees Ins. Co., 251 FSupp. 318 (E.D.Pa.). This prohibition extends to naming the company as a "nominal" defendant for purposes of service of a copy of the petition and process. As stated in McDaniel v. State Farm Mut. Auto. Ins. Co., 205 Va. 815, 821 (139 SE2d 806), which held that the insured plaintiff need not set forth, in his motion for judgment[2] against the uninsured motorist, the grounds for service on the insurance company: "[We stated in Doe v. Brown, 203 Va. 508 (125 SE2d 159) that the allegation in regard to uninsured motorist coverage] merely notifies the insurer that the action is instituted under the provisions of the uninsured motorist law and furnishes the clerk with the name of the insurance com-

---

[1]If the insurance company is named and served with process as a "nominal defendant," however, we do not readily perceive why the company, if it chose to do so, could not defend in this capacity rather than as an intervenor. See Division 3 of this opinion in connection with the following statement from *State Farm Mut. Auto. Ins. Co. v. Glover,* 113 Ga. App. 815, 820 (149 SE2d 852); "Assuming that the court had jurisdiction on the pleadings and the uninsured motorist had permitted the case to go in default, the insurance company should have the right to contest the liability of the uninsured motorist *by whatever name the pleadings might be called,* if it in fact was in possession of evidence sufficient to raise a jury question." (Emphasis supplied.)

[2]A motion for judgment is the initial pleading in a civil action in Virginia. See Rule 3:3, Rules of Supreme Court of Appeals of Virginia; O'Brien v. Government Employees Ins. Co., 251 FSupp. 318, 322 n. 2, supra.

pany in order that process might be directed to it; but we added that trial courts should not permit the motion for judgment to be seen by the jury or carried to their room where they might learn that the defendant was covered by insurance. Even in that case the plaintiff in the action could as well have furnished to the clerk the name of the insurance company to be served without stating it in the motion for judgment."

The meaning of the use of the words "as though" in a statute is explained in In re Tompkins' Estate, (Mo.) 341 SW2d 866. In that case the court was considering a gift and inheritance tax statute which provided that "[w]henever any person . . . shall exercise the power of appointment derived from any disposition of property . . . such appointment when made shall be deemed a transfer taxable under the provisions of this law in the same manner *as though* the property to which said appointment relates belonged absolutely to the donee of such power and had been bequeathed or devised by the donor by will. . . ." (Emphasis supplied). In construing this statute the court stated: "The words 'as though' are used to separate the first portion of the statute from the next two phrases, which as stated are intended as illustrative, and make reference *'as though'* something were true which isn't. In Webster's New International Dictionary, Second Edition, Unabridged, the word 'as' is defined as: 'If.—*as if* or *as though*. As might be, supposing or in case (that); as anyone or anything would do if; as running *as if* (or *as though*) pursued by fiends;—often implying that the supposition is unlikely to be realized . . .' The words, 'as if' or 'as though' are not used when referring to a matter that has happened, is known, is true or is realized."

Related questions pertain to the method by which "a copy of service shall be made upon the insurance company." State Farm contends that the statute means "a copy of service" should be given the insurance company rather than a copy of the petition and process. In this regard it is contended that a copy of the sheriff's return should be made and given to the insurance company—that the statute contemplates merely the service of a notice by the plaintiff upon the company, giving the style and number of the case and stating that the sheriff's

return showed that a certain case had been filed by a plaintiff who had insurance in a specified company.[3]

Dictum in *State Farm Mut. Auto. Ins. Co. v. Girtman*, 113 Ga. App. 54, 56 (147 SE2d 364) and *State Farm Mut. Auto. Ins. Co. v. Glover*, 113 Ga. App. 815, 820 (149 SE2d 852) indicates that a copy of *petition and process* are to be served upon the company. In *Girtman* the statement is made: "[*Code* § 56-407A. (d)] provides for service of process on such unknown owner or operator and for service upon the insurance company as though it were a party defendant. . . This same subsection further provides that where the owner of the vehicle causing the damages or injury is known, service shall be made on the insurance company issuing the policy 'as though such insurance company were a party defendant.'" In *Glover* we said: "[The uninsured motorists law] provides that a copy of petition and process be served upon the injured party's insurance company in case of an action against a *known* uninsured motorist."

We think the dictum is correct. The statute provides that the service shall be made "as prescribed by law as though such insurance company were a party defendant." This provision means that service shall be made on the company *in the manner* prescribed by law for service upon other parties defendant, though it is not to be named as a defendant or referred to in the petition. Thus, the statute requires that a copy of the petition and process be served upon the company (see *Code Ann.* § 81-202; Creteau v. Phoenix Assur. Co., 202 Va. 641 (119 SE2d 336); State Farm Mut. Auto. Ins. Co. v. Duncan, 203 Va. 440 (125 SE2d 154); McDaniel v. State Farm Mut. Auto. Ins. Co., 205 Va. 815, supra), but, as we have indicated, not *as* a party defendant against whom process had issued. In order to adopt the construction urged by State Farm we would be forced to disregard the quoted phrase. In addition, that construction of the provision would require an act of little useful purpose since a copy of the sheriff's return showing the style

---

[3]We do not understand how the sheriff's return would show that the plaintiff had insurance in a specified company.

and number of the case would convey little information to the company. By service of a copy of the petition and process, however, the company would be put on notice of the facts alleged as a basis of recovery and other information which it would need in order to determine its probable ultimate liability.

But since the insurer is not to be named in the petition, and no reference to the matter of insurance should be included therein, obviously there should be no return of service *entered on the petition* by the sheriff showing service on any insurance company. The only return of service necessary to be entered on the petition is as to that perfected on the uninsured motorist who is named as defendant. A *separate* return of service as to the insurance company, filed with the clerk, should suffice in complying with the statute.

The orders overruling the general demurrer and denying the motion to purge were erroneous. *Rodgers v. Styles,* 100 Ga. App. 124 (3) (110 SE2d 582). The questions as to the correctness of the ruling denying the motion to dismiss the answer of State Farm as a party defendant is rendered moot since we have held that State Farm could not properly be named as defendant.

■ The remaining question is whether State Farm, as the carrier of uninsured motorist coverage, was properly allowed to intervene in the action against the known uninsured motorist who was not in default. We recently held that under the uninsured motorists law the plaintiff's insurer has the constitutional right to urge, inter alia, the non-liability of the uninsured motorist where the case is in default as to him and to contest the jurisdiction of the court. *State Farm Mut. Auto. Ins. Co. v. Glover,* 113 Ga. App. 815, supra. We are unable to distinguish this decision on the ground that there the case was in default as to the uninsured motorist, and we conclude that it must be followed. We stated in *Glover* that ". . . it would seem that the General Assembly intended that an insurance company in affording the protection to an insured would have a right to take whatever legal steps were necessary and fitting to see to it that the court trying the action against an uninsured motorist, first, had jurisdiction of the case and the person of the un-

insured motorist, and second, to insure that the judgment against the uninsured motorist was not in default, *and to insure that the judgment was rendered on legal and sufficient evidence."* (Emphasis supplied). The basic question involved in *Glover* was whether or not the insurance company could intervene in an action against a known uninsured motorist even though intervention or other defensive action in this situation was not expressly provided for by the uninsured motorists law. The holding to the affirmative rests upon the propositions that (1) "to show liability against an insurance company under a policy insuring against injury caused by an uninsured motorist it is only necessary to show the rendition of a judgment against the uninsured motorist," and (2) a construction of the uninsured motorists law denying the company the right to resist the rendition of this judgment "by intervention or some method with a less technical name" would render it unconstitutional as denying the company its right of due process.

"Intervenors pro interesse suo are not known in the ordinary common-law suits. *Delaney v. Sheehan,* 138 Ga. 510 (75 SE 632). The general rule at common law is, that persons who are not parties to a suit cannot file an intervention therein. *Tanner v. Am. Nat. Bank,* 145 Ga. 512 (89 SE 515). There are some exceptions to the general rule, as where the intervenor sets up some right that would be directly affected by the judgment. *Rust v. Woolbright,* 54 Ga. 310. In such a case the interest of the intervenor must be of such a direct and immediate character that he will either gain or lose by the direct effect of the judgment, and must be created by the claim in suit." *Potts v. Wilson,* 158 Ga. 316, 319 (123 SE 294). Accord, *Walker v. Hartford Acc. & Ind. Co.,* 196 Ga. 361 (1) (26 SE2d 695). The insurer does have a direct and immediate interest to protect in this kind of action, and it stands to lose or gain by the direct effect of the judgment; consequently this is one of the exceptions to the general rule. And see Wert v. Burke, 47 Ill. App. 2d 453 (197 NE2d 717), cited in *Glover,* where the insurer was permitted to intervene under a general intervention statute in an action against a known uninsured motorist who defended in part.

There was no error in denying the motion to dismiss the application for leave to intervene and in allowing the application.

*Judgment reversed on the main appeal; affirmed on the cross appeal. Bell, P. J., and Jordan, J., concur.*