42754. TRAVELERS INSURANCE COMPANY v. BAGWELL et al.

ARGUED MAY 1, 1967—DECIDED OCTOBER 24, 1967—REHEARING DENIED NOVEMBER 17, 1967—

*Greene, Buckley, DeRieux, Moore & Jones, J. Douglas Stewart,* for appellant.

*Ernest Bostick, Hansell, Post, Brandon & Dorsey, Hugh E. Wright, Barrington H. Branch,* for appellees.

PANNELL, Judge. It has long been the law in this state that interventions in common law suits are generally not allowable unless the applicant for intervention has a lien or other interest in the subject matter of the suit which needs protection. *Rust v. Woolbright,* 54 Ga. 310; *Delaney v. Sheehan,* 138 Ga. 510, 513 (75 SE 632) ; *Potts v. Wilson,* 158 Ga. 316, 320 (123 SE 294) ; *Walker v. Hartford Acc. &c. Co.,* 196 Ga. 361, 363 (26 SE2d

695); *Sampson v. Vann,* 203 Ga. 612, 617 (48 SE2d 293); *Carswell v. Cannon,* 110 Ga. App. 315, 317 (138 SE2d 468); *State Farm Mut. Auto. Ins. Co. v. Brown,* 114 Ga. App. 650, 658 (152 SE2d 641). The Supreme Court in *Travelers Ins. Co. v. Bumstead,* 182 Ga. 692 (1) (186 SE 742) held that under the prior statute, which also provided for subrogation, intervention by the insurer or employer in the common law action brought by the employee against the third-party tortfeasor was not permissible. That the right of subrogation alone would not be sufficient to authorize an intervention is settled by that case.

The sole basis for allowing an intervention in the present case, therefore, is the provision in the present statute that the insurance carrier or employer shall have a lien against the net recovery of any judgment or settlement recovered by the injured employee. See Ga. L. 1963, pp. 141, 145 (*Code Ann.* § 114-403).

It is urged that the lien here compares to the lien given to an attorney under *Code* § 9-613 (2). The lien in the present case is against the recovery, if any; the attorney's lien is not only against the recovery but is a lien against the suit itself. Furthermore, the attorney is given the express statutory right to prosecute the suit in the event of settlement between the plaintiff and the defendant.

There is no allegation whatsoever in the application for intervention, or in the intervention itself, which shows that the intervenor's lien needs protection or that there is any likelihood that a recovery will be dissipated without payment to the intervenor. There is no allegation that the employee is insolvent or that the employee upon recovery may fail or refuse to pay the intervenor the amount to which it is entitled or that any fraud or collusion is being practiced. To permit intervention here would be to give the right of intervention in a common law suit when the intervenor would have no right to intervene in, or be entitled to relief in, a court of equity under the allegations made.

It is true that the employer and insurance carrier may be affected by the judgment in that a recovery would be to their benefit and a failure to recover would be to their detriment, but this economic effect of the judgment is not the effect referred to in the decisions cited above. See *Arnold v. West Lmbr. Co.,*

198 Ga. 207 (31 SE2d 410); *Campbell v. Bush,* 112 Ga. 737 (38 SE 50). These decisions refer to rights in a res which is the subject matter of the controversy and the assertion of a right already in existence as to the res also already in existence. Here the "recovery" is not in existence and the recovery is not the res in controversy, but is created by a judgment favorable to the employee. In the event of a judgment in favor of the defendant, there would be no res for the lien to operate upon. That one may be financially affected by the outcome is not sufficient, even in equity. See *Campbell v. Bush,* supra.

In *Rust v. Woolbright,* 54 Ga. 310, supra, the holder of a portion of the purchase money notes for land was permitted to intervene in an action of ejectment by the seller against the purchaser. By bringing the action of ejectment, the purchaser was attempting to rescind the sale which would in effect defeat the intervenors' right to collect on the purchase notes and it was said in that case in reference to the intervenors "they have a right that the plaintiff shall not rescind the trade by a recovery of the land, and that the defendant shall not have a title until they are paid the notes they have." This case was so distinguished in *Tanner v. American Nat. Bank of Macon,* 145 Ga. 512 (89 SE 515). A somewhat similar situation existed in *Reid v. Eubanks,* 37 Ga. App. 795 (142 SE 175). The subject matter and purpose of the suit in the present case not being such as would harm or damage the intervenor's lien or the res upon which it operates, but being one which in fact seeks to bring it to fruition, and there being no allegations to the contrary in the petition for intervention, we must assume that both the employee and the tortfeasors will obey the law and protect the lienholder. Even a creditor with a lien is not entitled to intervene unless he alleges some reason why it is necessary to do so in order to protect his interest.

The trial court did not err in sustaining the plaintiff's oral motion to dismiss the application to intervene.

*Judgment affirmed. Bell, P. J., and Whitman, J., concur.*