44525. BOARD OF REGENTS OF THE UNIVERSITY SYSTEM OF GEORGIA v. OELKE et al.

ARGUED JUNE 4, 1969—DECIDED OCTOBER 29, 1969— REHEARING DENIED NOVEMBER 19, 1969—

668

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Alfred L. Evans, Jr., Don L. Hartman, Assistant Attorneys General, Robert S. Bomar,* for appellant.

*Erwin, Epting, Gibson & Chilivis, Larry V. McLeod, Powell,*

*Goldstein, Frazer & Murphy, C. B. Rogers, E. A. Simpson, Jr.,* for appellees.

JORDAN, Presiding Judge. ■ *Code Ann.* § 114-403 provides that a person obligated under the workmen's compensation law who "contends that a person or persons other than the employer is liable to pay damages, on account of such injury or death" upon proper notice given of such contention "shall be subrogated, to the extent" of the rights which the injured employee or persons "entitled to recover on account of his death shall have against such notified persons, and shall have a lien therefor against the net recovery."

Is the insurer under a policy of insurance providing uninsured motorist coverage such a "person or persons . . . liable to pay damages" within the meaning of this statute giving subrogation rights to one obligated to pay workmen's compensation benefits? We think the answer is yes.

This being a case of first impression in Georgia we have viewed decisions from other jurisdictions involving this question but find that most of these cases turn on language not included in our subrogation and uninsured motorist statutes. We find most persuasive the reasoning in two Arkansas cases, Jones v. Morrison, 284 FSupp. 1016, and Boehler v. Insurance Company of North America, 290 FSupp. 867, which hold that the workmen's compensation carrier is entitled to subrogation to any proceeds which become available to the claimant by reason of uninsured motorist coverage.

Our subrogation statute (*Code Ann.* § 114-403, supra) is predicated only on the liability of another to pay damages, and such liability is not expressly limited to negligence or tort liability. We therefore see no reason to limit its applicability strictly to the non-contractual liability of a tortfeasor, as distinguished from the contractual liability of an insurer providing uninsured motorist coverage whose liability to pay damages under the statute (Ga. L. 1964, p. 306, as amended; *Code Ann.* § 56-407.1) is contingent upon a determination of the legal liability of an uninsured tortfeasor. We also note the absence of any provision in the uninsured motorist law permitting the limitation of coverage to that in excess of compensation received or payable under workmen's compensation law.

The Supreme Court, in commenting on the purpose of the subrogation statute stated that (1) it is a means of recouping the employer's loss, (2) it prevents double recovery by the employee, and (3) it accomplishes substantial justice. *Southern R. Co. v. Overnite Transportation Co.*, 223 Ga. 825, 830 (158 SE2d 387).

In view of our workmen's compensation statute dealing with subrogation and the provisions of the uninsured motorist statute, we conclude that the employer and workmen's compensation carrier is entitled to subrogation to proceeds which become available to a claimant by reason of uninsured motorist coverage.

■ Having reached this conclusion, we consider the issue of whether, in view of the law governing intervention, the trial court erred in refusing to allow the Board of Regents to intervene in this proceeding.

Section 24 of the Civil Practice Act (Ga. L. 1966, pp. 609, 633; 1967, pp. 226, 232; 1968, pp. 1104, 1108; *Code Ann.* § 81A-124) purports to confer an absolute right to intervene ((a) (1)) if a statute so provides, or ((a) (2)) if the applicant claims an interest relating to the property or transaction involved and disposition of the action as a practical matter may impair or impede the ability to protect the interest. The statute also confers a permissive right to intervene ((b) (1)) if a statute confers a conditional right or ((b) (2)) if the claim and the main action involve a question of law or fact in common, in which event the court, in exercising a discretion, shall consider whether intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

It is clear from the record before this court that the purported claim is adverse to that of the parties to the original action, and that the court, in refusing to allow intervention, determined that as a matter of law no claim existed and exercised no discretion. We are of the opinion that a claim does exist, but find no statute conferring an absolute right of intervention. If, however, the plaintiff is successful in establishing her claim against the defendant, it is also clear from the allegations that she will refuse or fail to reimburse the Board of

Regents for workmen's compensation payments, and thus, as a practical matter, impede the ability of the Board of Regents to protect its interest. The defendant's claim is, of course, adverse to both the plaintiff and the intervenor.

Before the effective date of the Civil Practice Act the law appears to have been settled that in an action by a workmen's compensation claimant against a tortfeasor the courts generally would not allow the employer or insurer to intervene. *Travelers Ins. Co. v. Bumstead*, 182 Ga. 692 (1) (186 SE 742); *Travelers Ins. Co. v. Bagwell*, 116 Ga. App. 675 (158 SE2d 267).

In the *Bagwell* case, however, the Court of Appeals, while adhering to this general rule, noted the absence of any showing of special circumstances, i.e., "that the intervenor's lien needs protection or that there is any likelihood that a recovery will be dissipated without payment to the intervenor" or "that the employee is insolvent or . . . may fail or refuse to pay the intervenor" or "that any fraud or collusion is being practiced" and stated that to allow intervention in the case then under consideration would "give the right of intervention in a common lawsuit when the intervenor would have no right to intervene in, or be entitled to relief in, a court of equity under the allegations made." *Travelers Ins. Co. v. Bagwell*, supra, p. 676.

Considering the present intervention statute (§ 24, CPA, supra) as well as the right of subrogation (*Code Ann.* § 114-403, supra) in the light of the foregoing decisions relating to the underlying principles affecting intervention and subrogation we think the motion and proposed complaint of the Board of Regents are sufficient not only to state a claim based on subrogation, but a right to intervene, not by reason of any unconditional right, but because the alleged facts disclose that a disposition of the matter without intervention may impair or impede the ability of the Board of Regents to protect its interest, which, because of the adverse claims of the original parties, is not adequately represented.

Accordingly the trial court erred in refusing to allow the intervention as a matter of right (§ 24 (a) (2), CPA, supra) and we do not reach any issue involving his failure to exercise a discretion with respect to permissive intervention.

*Judgment reversed. Hall and Whitman, JJ., concur.*