Bond, Murdock *et al. vs.* Little.

---

No. 55.—Bond, Murdock and others, plaintiffs in error, *vs.* Wm. G. Little, defendant in error.

[1.] Where a bill of peace was filed for the purpose of restraining a defendant from prosecuting his action of ejectment for the recovery of a tract of land: *Held,* that the principle upon which Courts of Equity interfere and grant relief in such cases, is to suppress useless litigation; to prevent

multiplicity of suits; to restrain oppressive litigation, and to prevent irreparable mischief.

[2.] *Held,* also, that a Court of Equity will not interfere in such cases until the complainant's right has been *satisfactorily* established at Law, nor in a *doubtful* case.

In Equity, in Crawford Superior Court. Decided by Judge STARK, February Term, 1851.

This was a bill of peace, filed to quiet litigation.

The bill charged, that an execution in favor of John D. Winn, issued from a judgment recorded in 1841, was levied upon a lot of land in Crawford County; a claim was interposed to said land by the defendant in error, returnable to the February Term, 1842, of Crawford Superior Court. After having been continued from term to term and placed upon the appeal by consent, at the February Term, 1844, this claim was withdrawn. The land was sold on the first Tuesday in April, 1844, and Bond and Murdock became the purchasers. Murdock and Ewell Webb took a transfer of the *fi. fa.* of John D. Winn, alleging that they paid a valuable consideration therefor.

The bill alleges that there was a previous sale of the land (pending the claim, under a *fi. fa.* against Thomas Little,) when Ewell Webb became the purchaser, and after obtaining the Sheriff's title thereto, conveyed one-half of said lot of land to Bond and Murdock, by quit-claim deed. After the first Sheriff's sale, Thomas Little, who was in possession, attorned to Webb by a written agreement.

The bill alleges that an action of ejectment in favor of Wm. G. Little against Thomas Little, tenant in possession, was brought to the August Term, 1843, of Crawford Superior Court. This case was put on the appeal by consent, and at August Term, 1845, a verdict was rendered in favor of the defendants in ejectment. At the February Term, 1846, Wm. G. Little commenced another action of ejectment, and at August Term, 1846, a verdict was rendered in favor of the plaintiff, from which an appeal was taken out on the appeal. At the February Term, 1848, said case came on for trial before a special Jury, and after

Bond, Murdock *et al. vs.* Little.

each party had produced and submitted his evidence, William G. Little dismissed his said action.

The bill alleges that at the August Term, 1849, William G. Little commenced another action of ejectment for the recovery of said land.

The bill prays for an injunction to restrain the action of ejectment, and to quiet the plaintiffs in error in their possession of the premises, and from further litigation and expense in relation to the land.

Judge *Stark* sanctioned the bill and granted the injunction.

The defendant in his answer, states that Thomas Little entered into the possession of the said lot of land, in 1833, as the tenant of defendant, and as such tenant, held possession of the same until the Sheriff's sale in 1844; that he withdrew the claim interposed by him, because he was advised that under the judgment of the Court (excluding a deed from one John B. Adair to himself) he would be precluded from any further assertion of his right. He states that he paid Adair a valuable consideration for the land, and believed that the deed executed by Adair to him, was a valid deed. The answer admits that Bond, Murdock and Webb, bought the land as charged in the bill, but with notice, which was publicly given by the agent of defendant. The answer charges that the attornment of Thomas Little to Webb, was without the knowledge and consent of defendant.

The answer admits the bringing of the action of ejectment, and that the first was alleged by the filing of a bill by the plaintiffs in error, and the defendant was unprepared to try the case by the sudden dismissal of complainant's bill. The answer denies that the second action was brought to harass and vex the plaintiffs in error, and defendant charges that at the August Term, 1846, a verdict was rendered in his favor by a petit Jury. A second bill was filed in 1847, which was dismissed upon the coming in of defendant's answer. At the February Term, 1848, the plaintiffs in error repudiating their Sheriff's deed, introduced one from Adair, the feoffer of defendant, by which he was wholly surprised, and forced to dismiss his cause, to avoid a verdict against him.

Upon the coming in of the answer, counsel for the defendant moved the Court to dissolve the injunction, and dismiss the bill for want of equity, which motion the Court sustained, and counsel for plaintiffs in error excepted.

HUNTER and MONTFORD, for plaintiffs in error, insisted upon the following points and authorities :

1st. The Court erred in ruling that the bill did not make such a case as entitled the complainants to relief in Equity, and in dismissing the same. 2 *Story's Com.* §859. 1 *Mad. Ch. Pr.* 232, '3. 1 *P. Williams,* 671. 2 *Vesey, junior,* 293. 1 *Vernon,* 22, 265, 287, 308. 3 *Johns. Rep.* 558. 2 *Johns. Abr.* 281. 3 *Kelly,* 239. 4 *Johns. Rep.* 173, 497. 26 *Wendell,* 143.

2d. The Court erred in ruling that the answer of the defendant had sworn off the equity in complainant's bill, and in dissolving the injunction.

3d. That the answer of defendant places the right of plaintiff in ejectment on no new matter of fact or law not put in issue before, and if the plaintiff has neglecled to make a proper defence, Equity will not relieve him. 1 *Mad. Ch. Pr.* 103, *and authorities cited.*

S. & R. P. HALL, for defendant in error, insisted that,

1st. Because in cases of common injunctions, where the answer comes in, denying the merits of the bill, it is a matter of course to dissolve the injunction. *Poor vs. Carlton,* 3 *Sumner. Eden on Injunctions, p.* 145. *Hoffman vs. Livingston,* 1 *Johns. C. R.* 26. As to whether the answer is responsive. *Eastman vs. McAlpin,* 1 *Kelly.*

2d. The bill was properly dismissed; because admitting that defendant's title was originally defective, time had matured it into a perfect title ; as to adverse possession and color of title, see *Conyer vs. Kenan,* 4 *Geo. R. Tate's executor vs. Southard,* 3 *Hawks.* 5 *Geo. R.* 6. *Ibid,* 39. *Ibid,* 271. *Ibid,* 261. 7 *Ibid,* 387. 4 *Halst.* 149.

Bond, Murdock *et al. vs.* Little.

3d. Because there had never been but two verdicts in this case—one for the plaintiff in ejectment, and the other for the defendant—and before a bill of peace can be sanctioned and maintained in such a case, there must be several verdicts satisfactorily establishing the defendant's right at Law.   2 *Story's Eq. Ju-*§859.   *Adams' Eject.* 316.   *Eden on Injunction,* 414, '15, '16. 1 *P. Wm.* 671, '72.   *Earl of Darlington vs. Bowe,* 1 *Eden Ch. R.* 270, '71, '72.   2 *Sch. & Lef.* 208, '9.   3 *J. R.* 595, '96, 601, '2.

4th. A Court of Chancery will never interfere to restrain such proceedings, as long as there are pertinent and material questions, affecting the rights of parties, undetermined at Law. *Strother vs. Lucas,* 12 *Peters' R.* 410, 433.

5th. Courts of Equity will never try legal titles ; they leave this to Courts of Law.   *Moore vs. Ferrell et al.* 1 *Kelly,* 9.

6th. Under the rules laid down, this bill should have been dismissed, as there had never been the requisite number of trials at Law, satisfactorily establishing complainant's title, and because the answer shows that their own fraud occasioned the dismissal of the second action of ejectment.   *Eden on Injunction,* 88.

7th. Although the answer in this case waves objections to the jurisdiction of the Court, it does not take away the right and power to dismiss the bill.   3 *J. R.* 596, 601, '2.

*By the Court.*—WARNER, J. delivering the opinion.

This is a bill filed by the complainants, praying for a perpetual injunction to restrain the defendant from the further prosecution of an action of ejectment for the recovery of the possession of a lot of land in the County of Crawford, on the ground that there have been repeated trials between the parties at Law, in which the title of the complainants to the premises in dispute, has been *satisfactorily established.*   The Court below, on the coming in of the defendant's answer, dissolved the injunction, and dismissed the bill, for want of equity.

The first question which we shall consider is, that which relates to the complainants' equity, as apparent on the face of their bill and exhibits attached thereto.

This application of the complainants, is what is termed in the books, a bill of peace, the object of which is, to quiet *fruitless* litigation.

On what principle do Courts of Equity interfere by injunction, in such cases?

[1.] The principle on which Courts of Equity grant relief in such cases is to suppress *useless* litigation; to prevent *multiplicity* of suits; to restrain *oppressive litigation,* and to prevent *irreparable* mischief. 2 *Story's Eq.* 148, §853. *Ibid,* 153, §859. Thus, in actions of ejectment, which, not being conclusive, Courts of Equity will interfere, and after repeated trials and satisfactory determinations of the question of *title,* will grant a perpetual injunction to restrain further litigation. *Mitford's Pleading,* 116. However, Courts of Equity will not interfere in such cases, before a trial at Law; nor until the right has been *satisfactorily established at Law.* 2 *Story's Eq.* §859. *Eldridge vs. Hill,* 2 *Johns. Ch. R.* 282.

This application of the complainants is to restrain the defendant from the assertion of his right to the land in dispute, in the ordinary course of judicial proceedings, and the prayer of the bill ought not to be granted in a *doubtful* case. *Alexander vs. Pendleton,* 8 *Cranch's R.* 462.

[2.] The right or title of the complainants to the tract of land in controversy, must be shown to have been *satisfactorily established at Law,* before a Court of Equity will interfere to grant relief, and will not grant it in a *doubtful* case. According to these principles, let us examine the case, as made by the complainants.

They allege, that in 1841, a levy was made upon the lot of land, by a judgment creditor of Thomas Little; that a claim was interposed thereto by the defendant, and on the appeal trial thereof, after the cause had been submitted to the Jury, the defendant withdrew his claim; the execution then proceeded to sell the land, which was purchased by two of the complainants,

Bond and Murdock, at Sheriff's sale—the other complainant, Ewell Webb, having previously purchased the same land at Sheriff's sale, while the claim was pending. According to the record, the defendant commenced an action of ejectment against Thomas Little, who was the tenant in possession, in 1843, to recover possession of the land, while the aforesaid claim was pending, and at August Term of the Court, 1845, a verdict was rendered in favor of the complainants, who had been made *co-defendants* to the ejectment suit.

In February, 1846, the defendant instituted another action of ejectment against the tenant in possession, to recover the lot of land, and at the following August Term of the Court, a trial was had, and a *verdict rendered in favor of the plaintiff* for the premises in dispute, whereupon an appeal was taken, and on the appeal trial, after the evidence had been submitted, the plaintiff in that action (but now defendant) dismissed his action of ejectment. The complainants allege, that the defendant instituted another action of ejectment to recover the possession of the lot of land, in August, 1849, which latter action, they seek by their bill to perpetually enjoin. The state of the case, as made by the bill, between the parties, stands thus: The defendant withdrew his claim to the land *once ;* obtained *one verdict* in his favor on the trial of his right to the possession of the land, and dismissed his action *once* after the evidence had been submitted to the Jury. The complainants insist, that but for the *withdrawal* of the claim, the defendant would have had a verdict against him ; that they have obtained *one verdict* and would have obtained *another,* if the defendant had not dismissed his action.

The complainants' equity is based on the withdrawal of the claim by defendant; that they have obtained *one* verdict against him, and would have obtained *another,* if he had not dismissed his action, disclosing the fact at the same time, that the *defendant has obtained one verdict.* The question arises, have the complainants shown that they *have satisfactorily established their right* to this lot of land, so as to authorize a perpetual injunction against the defendant? If, says Mr. Justice *Story,* the right has been satisfactorily established, it is not material what *number of*

*trials* have taken place—whether *two* only, or more.   2 *Story's Eq.* §859.   The defendant insists, that the Court will never interfere by injunction, until there have been at least two concurring verdicts establishing *the right.*   If this position was true, and adopted as a uniform rule, a vexatious plaintiff, in many instances, never could be restrained, for he would always prevent the two verdicts, by dismissing his action after the evidence had been submitted.   The true rule, is that stated by Mr. Justice *Story,* and we should have held in this case, but for the fact that the defendant has obtained one verdict in favor of his right to the land, that the complainants had made on the record, a *prima facie* case for the interference of the Court.   With that fact before us, we cannot say that the complainants have *satisfactorily* established their right to the land, beyond   *doubt,* and therefore, we will not control the exercise of the discretion of· the Chancellor in   dismissing their bill for want of equity.   It was insisted by the   counsel for the plaintiff in error, that inasmuch as it did not appear from any *positive* allegation in the bill, that a verdict had been rendered in favor of the plaintiff in ejectment in the Court below, that this Court could not look into the original record of that Court, attached to the complainants' bill as an exhibit, for the purpose of ascertaining that fact.   It is true, that the allegation in the bill, in relation to this feature of the case, is very *artfully* drawn, but we will not say it was so drawn for the purpose of *concealing* that fact from the observation of the Court. The allegation in the bill is, (after stating the commencement of the action of ejectment,) that   " the said Ewell Webb, and Bond and Murdock, were regularly made parties defendant to the said action of ejectment, and pleaded by their counsel, issuable pleas thereto ; all of which will more fully appear by reference to a certified copy of the declaration in said cause hereunto annexed, marked exhibit E, and to which your orator prays *reference as often as may be necessary ;* and that *proceedings were had by the Court in said cause,* and that the same came on for trial, &c." The complainants pray *reference* to this record of the action of ejectment from the Court below, which is annexed as an exhibit, as *often* as may be *necessary.*   Now, in order to ascertain what "*proceed-*

*ings*" were had by the Court in said cause, it "*becomes neces-sary*" to refer to that *record of the action of ejectment,* which discloses the fact that there was a verdict found for the plaintiff in ejectment, who is now the defendant in this bill. Our attention has been called to the record as annexed to the complainants' bill, and there the fact stares us in the face, and we are unwilling to shut our eyes and *not see it.*

Let the judgment of the Court below be affirmed.