JOHN WILLIAMS, plaintiff in error, *vs.* MARY A. STEWART *et al.*, defendants in error.

1. Suit by attachment will not be enjoined at the instance of a person who is no party thereto, unless it appears that it is proceeding to his injury, and under circumstances that entitle him to interfere by such means for the protection of his rights.

2. That a promissory note has been paid off by the maker, is no cause for enjoining a pending suit thereon against the indorser. Such payment will be a defense at law.

3. The vendor of land who retained the titles, giving only a bond for titles, and who has transferred the notes taken for the purchase money, indorsing them, and who is sued on his indorsements, has no right, because of these facts, and because the purchaser is insolvent, to enjoin the purchaser from selling the land, or from collecting the rents, or a small debt due for timber cut from the land and sold, or to have a receiver appointed to take charge of the land and collect the rents and the debt for timber.

Injunction. Attachment. Vendor and purchaser. Bond for titles. Before Judge CLARK. Sumter Superior Court. April Term, 1876.

Williams filed his bill making, in brief, this case:

On September 2d, 1869, complainant sold to Emmett M. Greeson and his mother, Mary A. Stewart, a lot of land in said county, for $4,135 00. He took in payment therefor two notes on said Greeson, one for $1,935 00, dated September 27th, 1869, and due April 1st, thereafter, bearing interest at twelve and one-half per cent. after maturity; the other for $2,200 00, of same date, and due on the 25th of December, thereafter, bearing same interest after maturity. He delivered to Greeson his bond conditioned to convey by warranty deed, on the payment of said notes. The purchasers were placed in possession and have so remained, the premises being of the yearly rental value of $700 00. The first note was paid off by Greeson to one Burton, the then holder, either in 1871 or 1872. The second was indorsed to Harrold, Johnson & Company, who, in September, 1873, instituted suit thereon against complainant in the county of Schley. In the same month and year, and in the same county, Mary A. Stewart

instituted suit against complainant on the first note, pretending to be the owner thereof, and to have traded for the same, when she knew it had been paid off by her son. She has also sued out an attachment against her son on said note in Fulton county, where they both reside. Greeson was a minor at the time of said purchase, and his mother was the real party to the trade. She has been since in the occupancy and enjoyment of the land, receiving the rents, etc. One John Wilder is now in possession, having rented the land from the said Mary A. and her son, for the year 1874. One Samuel Heys is indebted to said mother and son $40 00 for timber cut off said land. The said Mary A. and her son are insolvent. Complainant therefore prays as follows:

1st. That said purchasers be enjoined from selling the land, from collecting the rents therefor, and from collecting the aforesaid amount due for timber; and that their tenant and the said Heys be enjoined from paying the same to them.

2d. That said Mary A. be enjoined from prosecuting her attachment against her son in Fulton superior court; and also from proceeding with her action against complainant on his indorsement, in Schley superior court.

3d. That some proper person be appointed receiver to collect the rents and the amount due for timber, and to take charge of the land.

4th. That the land may be sold and the proceeds thereof paid to Harrold, Johnson & Company in liquidation of the note held by them; that the sale by complainant to the said Mary A. and her son be canceled, and the note for $1,935 00 be decreed to be surrendered, canceled and paid.

5th. General relief.

The bill was answered, and affidavits filed, all of which is deemed immaterial here.

The chancellor refused the injunction and the complainant excepted.

HAWKINS & HAWKINS, for plaintiff in error.

GUERRY & SON, for defendants.

BLECKLEY, Judge.

1. Why should injunction be ordered, at the complainant's instance, to stay the attachment suit pending in Fulton in favor of the mother against her son? Upon what is that attachment levied? It does not appear by the bill. How will or can the suit prejudice the complainant? This is not shown, or even suggested, by the bill. What occasion is there for him to interfere with this *family attachment*?

2. On the facts alleged, injunction is not needed to protect the complainant against a recovery in the pending suit against himself on the paid note. That he ever indorsed that note is not distinctly averred; but if he did, and if the suit is founded on his indorsement, payment by the maker will be a complete defense at law.

3. Several reasons occur to us why a sale of the land by the vendee and his mother cannot be restrained for any cause shown in the bill. There is no allegation that they intend to sell it, or have endeavored to sell it. For aught that appears, they have nothing of the sort in contemplation. But how could they sell it, so as to put it out of complainant's reach? He has the legal title. Upon that title he could now, or hereafter, recover the land in ejectment. As long as he is liable upon his indorsement of either of the notes given for the purchase money, or as long as he is not reimbursed, should he pay off his indorsement, the legal title will remain where it is, unless he chooses to part with it. Let him stand upon that. Why does he not sue and recover the land? There is no obstacle that we can see. And this resource will be available, whether the land is sold by others or not. Another measure is also open to him, which is, to meet his obligation as indorser upon the note not paid off, bring suit upon that note, file a deed, and sell the land in the manner prescribed by the Code. But he has instituted no suit, either for the land or the purchase money. This brings us to his prayer for injunction against collecting the rents and the small note for timber, and for the appointment of a receiver. He

has brought no suit, nor does he render any excuse for not doing so. He does not allege that the land is insufficient to pay for itself, that it has depreciated in value, or that any waste has been, or will be, committed. He makes no case for the extraordinary remedies of chancery: 51 *Georgia Reports*, 602; *Tufts vs. Little*, 56th *Ibid.*, 139.

Judgment affirmed.