JOHNSON *v.* ELLINGTON *et al.*

DUCKWORTH, Justice. 1. "Where civil liability for a conspiracy is sought to be imposed, the conspiracy of itself furnishes no cause of action. The gist of the action is not the conspiracy alleged, but the tort committed

against the plaintiff and the damage thereby done." *Woodruff* v. *Hughes*, 2 *Ga. App.* 361 (58 S. E. 551) ; *National Bank of Savannah* v. *Evans*, 149 *Ga.* 67 (99 S. E. 123) ; *Clein* v. *Atlanta*, 164 *Ga.* 529, 534 (139 S. E. 46) ; *Lambert* v. *Georgia Power Co.*, 181 *Ga.* 624, 628 (183 S. E. 814).

2. Mere general allegations of fraud are not good against a general demurrer, but the specific facts constituting the fraud must be stated. *Luke* v. *DuPree*, 158 *Ga.* 590, 598 (124 S. E. 13) ; *Jones* v. *Robinson*, 172 *Ga.* 746 (3-c) (158 S. E. 752) ; *Gentle* v. *Georgia Power Co.*, 179 *Ga.* 853 (5), 859 (177 S. E. 690).

3. Accordingly, the petition as first amended, against eight members of a local labor organization, alleging that the plaintiff was a member in good standing of such organization, and that they had damaged him in a stated sum, "due to a conspiracy" between the named defendants, and that for malicious, wanton, and illegal reasons they had formed a conspiracy to oust him from the organization and did fraudulently cause his dismissal therefrom, but not showing any specific facts from which the conclusions would logically follow, was not good against the general demurrer of the defendants.

4. The second amendment, which sought only to restrain, without making it a party defendant to the tort action, a designated trust company from paying out moneys alleged to be on deposit with it by the labor organization in which the individual defendants were members, being immaterial as respects the cause of action sought to be asserted in the petition as first amended, did not reopen the petition to a fresh adjudication, and left the action affected with the infirmities as determined by the ruling on the general demurrer to the petition as first amended. Code, § 81-1312; *Kelly* v. *Strouse*, 116 *Ga.* 872, 879 (43 S. E. 280) ; *Scarborough* v. *Smith*, 183 *Ga.* 386 (188 S. E. 526) ; *Green* v. *Spires*, 189 *Ga.* 719, 721 (7 S. E. 2d, 246). *Judgment affirmed. All the Justices concur.*

No. 14691. NOVEMBER 10, 1943.

*William A. Thomas,* for plaintiff.

*J. C. Savage, T. J. Couch,* and *A. T. Walden,* for defendants.