Henry DANIEL, Sr., and Henry Daniel, Jr.,
Appellants,

v.

Marshal S. ADORNO, as father and next
friend of Joseph M. Adorno, minor,
Appellee.

No. 1532.

Municipal Court of Appeals for the
District of Columbia.

Argued Aug. 9, 1954.

Decided Sept. 15, 1954.

Rehearing Denied Oct. 5, 1954.

Bond L. Holford, Washington, D. C., with whom Donald J. Caulfield was on the brief, for appellants. .

Carleton U. Edwards, II, Washington, D. C., with whom Bernard Margolius, Washington, D. C., was on the brief, for appellee.

Allan C. Swingle, Washington, D. C., with whom Edwin A. Swingle and Ernest A. Swingle, Washington, D. C., were on the brief, for Travelers Indemnity Co., as amicus curiae.

Richard A. Bishop, Washington, D. C., with whom Louis M. Denit, Thomas S. Jackson and Martin R. Fain, Washington, D. C., were on the brief, for United States Fidelity and Guaranty Co., as amicus curiae.

Before CAYTON, Chief Judge, and HOOD and QUINN, Associate Judges.

HOOD, Associate Judge.

An automobile owned by Henry Daniel, Sr., and operated by his son, Henry Daniel, Jr., was in collision with an automobile operated by Joseph M. Adorno, a minor. Daniel Sr., carried liability insurance with the Travelers Indemnity Company. After investigation Travelers determined that a compromise of Adorno's claim for personal injuries was advisable for all concerned and agreed to pay $2,500 in settlement. The settlement was effected in the following manner. Joseph M. Adorno, through his father as next friend, filed suit against both Daniel Sr. and Daniel Jr. for $2,500; on the same day the attorney for Travelers filed an answer on behalf of the Daniels; and likewise on the same day a judgment by consent was taken for $2,500, was paid by Travelers, and entered of record as paid and satisfied. Some months thereafter the Daniels moved to vacate the judgment on the ground that neither of them had been served with process and they had not given anyone authority to appear in their behalf. The trial court refused to vacate the judgment and the Daniels have brought this appeal.

Two other actions appear to be involved in this appeal. It appears that prior to the "friendly suit," in which the consent judgment was taken, actions had been brought by Daniel Sr. and Daniel Jr. against Adorno, but service of process was not obtained until some time after the taking of the consent judgment. In those two actions there was raised the question whether the consent judgment against the Daniels operated as res judicata on their actions. Appellee Adorno insists that the question of res judicata is not involved in this appeal. United States Fidelity and Guaranty Company takes the same position. However,

appellants in support of their motion in the trial court urged that they were prejudiced by the consent judgment because of its effect on their actions; and the trial court in refusing to vacate the judgment ruled that where the insured in no manner participates in or consents to a settlement made by the insurer with a third person, such settlement does not prejudice insured's action against such third person. Travelers argues that such ruling was correct and that the judgment in no way prejudiced the rights of the Daniels. We have concluded that the question whether the consent judgment is a bar to the actions by the Daniels is before us. It is plain that the Daniels sought to vacate the judgment because of fear of its prejudicial effect on their actions. As the consent judgment was promptly paid by Travelers, the judgment alone was not prejudicial to the Daniels. Indeed, it was beneficial to them in that it released them from liability to Adorno. The Daniels are aggrieved by the judgment only if it bars their asserted rights against Adorno.

The policy issued by Travelers gave it the right to "make such investigation, negotiation and settlement of any claim or suit as it deems expedient." Under such a policy it is well established that the insurer may make such settlement with a third person as it deems proper and advantageous, provided in so doing it acts in good faith. However, it is also well established that such a policy does not authorize the insurer to compromise or release the claims of the insured against the third person, unless the insured consents thereto. Settlement by the insurer without the consent or approval of the insured does not bar the rights of the insured against the third person with whom such settlement was made.[1]

1. Fikes v. Johnson, 220 Ark. 448, 248 S. W.2d 362, 32 A.L.R.2d 934; U. S. A. C. Transport v. Corley, 5 Cir., 202 F.2d 8; Foremost Dairies v. Campbell Coal Co., 57 Ga.App. 500, 196 S.E. 279; Burnham v. Williams, 198 Mo.App. 18, 194 S.W. 751 (Cf. Keller v. Keklikian, 362 Mo. 919, 244 S.W.2d 1001); Perry v. Faulkner, 98 N.H. 474, 102 A.2d 908; De Carlucci v. Brasley, 16 N.J.Super. 48, 83 A.2d 823; Isaacson v. Boswell, 18 N.J.Super. 95, 86 A.2d 695; Barron v. Smith, 33 Erie, Pa., 154; Paternoster v. Swick, 43 Luz.Leg.Reg., Pa., 119; Jetton v. Polk, 17 Tenn.App. 395, 68 S.W.2d 127; American Trust & Banking Co. v. Parsons, 21 Tenn.App. 202, 108 S.W.2d 187. See also Long v. Union Indemnity Co., 277 Mass. 428, 178 N.E. 737, 79 A.L.R. 1116, which appears to be contra.

Applying those principles to this case, we hold that Travelers had the right to settle the claim of Adorno against the Daniels; that Daniel Jr., although not the named insured, was in fact under the terms of the policy entitled to the protection of the policy and was subject to its terms; that in exercising its right to settle, Travelers had the right to effect such settlement by way of consent judgment, in view of the minority of the claimant. We also hold that the settlement expressed by the consent judgment is no bar to the actions brought by the Daniels against Adorno, if in those actions they establish that the settlement and judgment thereon were without their consent or approval, either express or implied.

Affirmed.