R. G. BRATTON, Appellant,

v.

Hamilton SPEAKS, Appellee.

Court of Appeals of Kentucky.

Jan. 27, 1956.

A. Jack May, Danville, for appellant.

James F. Clay, Danville, for appellee.

STEWART, Judge.

On December 28, 1953, at or about 7:00 p. m., plaintiff, R. G. Bratton, while driving his automobile on Kentucky Highway No. 52 in Garrard County, collided with a car owned and operated by defendant, Hamilton Speaks. Bratton seasonably notified his liability insurer, Farm Bureau Insurance Company, of the wreck. This company thereupon investigated the accident and later settled with Speaks for the damage to his car, taking a release from him. Subsequently, Bratton's collision insurer, Motors Insurance Corporation, paid Bratton under a $50-deductible policy for the damage done to his car. Thereafter, the collision insurer instituted this action against Speaks in the name of Bratton for its use and benefit, asking judgment for $526.59, the total amount of Bratton's claim paid by it.

At a pre-trial conference, under the above-stated facts, the lower court ordered the complaint dismissed on the ground that the action was not maintainable. The apparent basis of this holding was that the compromise and release consummated between the liability insurer and Speaks bars any rights which might subsequently be asserted against the latter by Bratton, through whom the collision insurer derived whatever rights it possesses. This motion for an appeal challenges the correctness of the trial judge's ruling.

The issue in this appeal is: What effect shall be given a settlement of a tort claim made between an injured third party and the liability insurer, insofar as the rights of the insured are concerned?

Although the liability insurance contract is not in the record, it is agreed by the parties hereto that the policy does not empower the insurer to settle claims *for* the insured but only to adjust demands *against* him. Furthermore, the standard liability insurance policy ordinarily gives the insurer the right to make such investigation, negotiation and adjustment of any claim or suit it deems necessary, and it is well-established the insurer may effect any compromise and release of the claim or suit of a third person it considers just and advantageous, provided in doing so it acts in good faith. Such authority permits the insurer to act independently in order to protect the insured's as well as its own interest, since it is required by the policy to defend the insured against loss within the limits set forth therein.

Speaks argues the liability insurer's authority to settle his claim against Bratton by implication conferred authority upon the insurer to adjust any demand

Bratton might have against him. To this contention we cannot lend our approval. It is a well-known principle of the law of agency that for the principal to be bound by the act of the agent, the latter must have acted with either the express or implied authority of his principal, and that if the agent was acting entirely outside his principal's business and for some purpose of his own, it is not the act of the principal unless he adopts it. See 2 Meacham on Agency, 2nd Ed., sections 1719 and 1720.

We subscribe to the view that the insured should not be bound by any agreement of which he had no knowledge and to which he did not give his consent, affecting a claim he might have against a third party; and, although a standard liability insurance policy bestows upon the insurer the right to defend claims and suits against the insured, it does not entitle the insurer to compromise and release demands of the insured against a third person unless there is express or implied authority under the contract between the parties empowering the insurer to settle a claim sounding in tort for which the insured may assert damages against a third party.

■ Even if it be conceded that the liability insurer was acting as agent for the insured in settling the claim with Speaks, the record does not show and it may not be presumed in the absence of any evidence on the point, that the compromise made and the release taken by the liability insurer constituted a settlement of the insured's claim against Speaks or that the settlement was made with the knowledge and consent of the insured. See Daniel v. Adorno, D.C. Mun.App., 107 A.2d 700, and the cases cited in the footnotes.

For the foregoing reasons, the trial judge committed a reversible error in dismissing the complaint.

■ There is no question raised as to the right of the collision insurer to maintain this action in the name of the insured, even though upon proper motion the collision insurer could have been compelled to become a party to the suit. See Louisville & N. R.

Co. v. Mack Mfg. Corp., Ky., 269 S.W.2d 707. It is the recognized rule that when an insurance carrier has paid the insured the loss for which it had agreed to indemnify him it becomes subrogated to any claim for the same damages which the insured might have recovered from the wrongdoer causing the damages. See Remedial System of Loaning v. New Hampshire Fire Ins. Co., 227 Ky. 652, 13 S.W.2d 1005. Hence, it is clear that the collision insurer, upon payment to Bratton of the amount of damage to his automobile, became subrogated to Bratton's rights, if any, against Speaks.

Wherefore, the motion for an appeal is sustained, the appeal is granted, the judgment is reversed with directions that it be set aside and the case is remanded for further proceedings in conformity with this opinion.