BIRKHOLZ and another, d/b/a BIRKHOLZ BROTHERS, Respondents, vs. CHEESE MAKERS MUTUAL CASUALTY COMPANY and another, Appellants.

*November 7—December 4, 1956.*

For the appellants there was a brief by *Lehner, Lehner & Behling* of Oconto Falls, and oral argument by *Howard N. Lehner*.

For the respondents there was a brief by *Callahan & Arnold* of Columbus, and oral argument by *Carroll B. Callahan*.

BROWN, J.  Appellants submit that the policy insuring Birkholz Brothers against liability constitutes Birkholzes' insurance company their agent to effect settlements, and participation in settlement by the agent is participation by the principal.  From there they advance to the proposition stated in *Wm. H. Heinemann Creameries v. Milwaukee Automobile Ins. Co.* (1955), 270 Wis. 443, 452b, 71 N. W. (2d) 395, that "the making of the original settlement without any express reservation of rights by the settlor constitutes a com-

plete accord and satisfaction of all claims of the *immediate* parties to the settlement arising out of the same accident."

On the agency question we held, on page 452 of the *Heinemann* opinion, *supra:*

"An insured, who is sued for damages as a result of the insured vehicle participating in an accident, and thereupon turns over the defense of the action to his insurance company, does not by such action impliedly authorize counsel, employed by the insurance company to defend the action, to make a compromise settlement without his consent which will prejudice his right to recover his own damages from the other party to the accident."

Insurance policies, and particularly the one in the instant case, habitually state that the insurer's functions are limited to the terms and conditions of the policy. The authority of the insurer to make settlements is limited to the insurer's own resources and it is not empowered by the policy, without the assured's knowledge and consent, to contribute toward the settlement either cash or other property, such as causes of action, belonging to the assured. The policy does not create such an agency, and the *Heinemann Case, supra,* shows so, for there we held that the cause of action owned by the insurer who had procured the settlement was barred by estoppel while the cause of action owned by the assured was not to be barred unless further inquiry determined that the assured had been consulted about the settlement and had participated therein to the extent of consenting to it.

In the present action the trial court is informed by the pleadings and affidavits that the assured did not participate in or consent to the settlement with McNulty, was not consulted about it, nor had knowledge of it. The court, then, on the record up to the time of defendants' motion, did not err in ruling that Birkholz Brothers were not estopped by the settlement of McNulty's claim from prosecuting an action for their own damages.

*By the Court.*—Order affirmed.