21672.   ALLSTATE INSURANCE COMPANY v. HILL et al.

ARGUED JUNE 13, 1962—DECIDED OCTOBER 22, 1962.

*Haas, Dunaway, Shelfer & Haas, John A. Dunaway*, for plaintiff in error.
*Nall, Miller, Cadenhead & Dennis, Edward S. White, Poole, Pearce & Hall, Wm. F. Lozier*, contra.

ALMAND, Justice.   This case presents only one question for decision, viz:   Where an insurance company issues a standard automobile liability policy to A, and A and B are parties to the collision of their respective automobiles out of which B claims damages for personal injuries to himself and his wife and property damages, and the insurer of A, acting under its insurance policy covering the liability of A, pays to B a sum of money causing B to execute a release which recites that the money so

received was in full settlement and satisfaction of all claims B had against A and any other party charged or chargeable with responsibility or liability growing out of the accident, and A, the insured, subsequently sues B for injuries sustained by A in the accident, and B in his answer to said suit sets up a counter-claim against A for the damages B sustained in the accident, can the insurer, when called upon by A to defend against the counter-claim, in an equitable action against B, enjoin B from prosecuting his counter-claim against A?

The question presented arises from the filing of an equitable petition by Allstate Insurance Company against Frank E. Hill, Mrs. Irene Ericson and Reserve Insurance Company. It was alleged that in February of 1960 while Mrs. Ericson was driving an automobile covered by a policy of liability insurance issued by Allstate, she was involved in a collision with the defendant, Hill, and his automobile. One of the provisions of the insurance policy issued by Allstate and covering the Ericson car provided: "Allstate will defend any law suit, even if groundless, false, or fraudulent, against any insured for such damages which are payable under the terms of this policy, but may make such settlement of any claim or suit as it deems expedient." Allstate, acting under this provision, made a settlement with Hill, paying to him and his wife the sum of $3,700. The Hills executed a release acknowledging receipt of said sum which release recited that they remised, released and forever discharged "Mrs. Irene M. Erickson [Ericson] and any other person, partnership, firm, or corporation charged or chargeable with responsibility or liability . . . from any and all claims, demands, damages, costs, expenses, loss of services, actions and causes of actions arising from any act or occurrence from the beginning of the world up to the present time, and in particular on account of personal injury, disability, property damage, loss of service and loss or damages of any kind sustained or that we or either of us hereafter may sustain in consequence of an accident that occurred on or about the 7th day of February, 1960, at or near Redan Rd. and Redan Circle, DeKalb County Ga." The release provided, in part: "We and each of us understand that the parties hereby released admit no liability of any sort by reason of said

accident and that said payments and settlements in compromise are made to terminate further controversy respecting all claims for damages that we have heretofore asserted or that we or our personal representatives might hereafter assert because of said accident."

Mrs. Ericson subsequently filed suit in DeKalb Superior Court against Hill seeking to recover damages for injuries she sustained in the collision of February, 1960. Hill, in his answer to the suit of Mrs. Ericson, set out a counter-claim and is seeking to recover damages for injuries to his person and property by reason of the said collision. Mrs. Ericson, the insured, has called upon Allstate to defend her against the counter-claim of Hill and to pay whatever judgment he may recover but she refuses to permit Allstate to plead the release executed by Hill. It was alleged that Allstate had no adequate remedy at law and the prayers of the petition were that the defendants, Hill and his insurer, be enjoined from further prosecuting Hill's counter-claim or in the alternative that Allstate be permitted to intervene in the Ericson v. Hill suit. As to Mrs. Hill there was no specific prayer for relief.

On the interlocutory hearing all the essential facts alleged in the petition of Allstate were proven. No contention or evidence was introduced questioning the validity of the release executed by Hill or that Hill was not barred by the release. There being no disputed issue of fact or no conflict in the evidence, the primary question is one of law, viz: Do these undisputed facts require a court of equity to grant the injunctive relief sought by Allstate?

■ Ordinarily, neither a party to a suit at law nor a third party has the right to enjoin a suit in a court of law (see *Stone v. King-Hodgson Co.,* 140 Ga. 487 (2), 79 SE 122) unless it first be shown that such party has an interest to protect and unless it second be shown that the party has no adequate remedy at law to protect its interest and that if equity does not intervene to prevent further proceedings in the court of law it will suffer injury and damage. See *Williams v. Stewart,* 56 Ga. 663. The record discloses that Allstate was a party to the release executed by Hill wherein he released Allstate from all claims growing out

of the collision with the Ericson automobile in February, 1960. Now, in the cross-action to Mrs. Ericson's suit, Hill seeks to recover a judgment for the damages for which he has been fully compensated, well knowing that if he recovers a judgment against Mrs. Ericson he will have a right of action against Allstate. Hill having released Allstate from liability for the injuries complained of in his counter-claim, Allstate clearly has a valuable interest in the Ericson v. Hill suit which it has a right to protect in a court of equity, provided it shows grounds for equitable relief.

■ We come now to the question as to whether Allstate has equitable grounds to enjoin Hill from prosecuting his counter-claim in the suit of Mrs. Ericson. *Code* § 55-103 provides: "Equity will not enjoin the proceedings and processes of a court of law, unless there shall be some intervening equity or other proper defense of which the party, without fault on his part, cannot avail himself at law." *Code* § 37-1501 provides: "It being the interest of this State that there shall be an end of litigation, equity will entertain a bill of peace: 1. To confirm some right which has been previously satisfactorily established by more than one legal trial, and is likely to be again litigated. 2. To avoid a multiplicity of suits, by establishing a right, in favor of or against several persons, which is likely to be the subject of legal controversy, or in other similar cases." "Where a bill of peace was filed for the purpose of restraining a defendant from prosecuting his action of ejectment for the recovery of a tract of land: *Held,* that the principle upon which Courts of Equity interfere and grant relief in such cases is to suppress useless litigation; to prevent multiplicity of suits; to restrain oppressive litigation, and to prevent irreparable mischief." *Bond v. Little,* 10 Ga. 395 (1). Equity will assume jurisdiction for the purpose of preventing a multiplicity of suits, the general principle being that the necessity of multiple suits in itself constitutes the inadequacy of remedies at law which confers equitable jurisdiction. While the petition of Allstate is not actually denominated a bill of peace, its purpose is to end litigation as provided by *Code* § 37-1501. The origin of the doctrine that equity will intervene to prevent a multiplicity of suits at law

is traced to what are called bills of peace or those in the nature of bills of peace. See Sharon v. Tucker, 144 US 533 (12 SC 720, 36 LE 532); Illinois Steel Co. v. Schroeder, 133 Wis. 561 (113 NW 51). See also *Shingler v. Shingler*, 184 Ga. 671 (4) (192 SE 824). "The prevention of vexatious, oppressive and ruinous litigation is a frequent cause for the exercise of equity jurisdiction, and injunctions to restrain a multiplicity of suits in such cases are not only permitted, but favored, by the courts." 1 Pomeroy, Equity Jurisprudence, (5th Ed.), § 261(j), p. 551.

Though Allstate, as an alternative prayer, prays to be allowed to intervene in the Ericson v. Hill suit, there is no provision of law allowing Allstate to intervene. See *Askew v. Carswell*, 63 Ga. 162, and *Delaney v. Sheehan*, 138 Ga. 510 (75 SE 632). Allstate thus is in the position of holding a complete release for injuries for which Hill seeks to recover a judgment against its insured under a policy wherein it is not only required to defend against Hill, but in the event of a judgment against its insured, it will be called upon to pay. In such a situation the release executed by Hill would be a bar to Hill's effort to recover against Allstate. Justice in courts of law and equity has been pictured as a lady dressed in a Grecian gown with a blindfold over her eyes and a pair of scales in her hands evenly balanced indicating that she is blind as to who are the parties before her and that she seeks to render justice to the party that has the greater weight in the scales of justice. She, representing a court of conscience, is not blind or oblivious to the interests or rights of others, not parties to the suit, where a failure to protect the interests and rights of such other parties would result in injury to them.

Being of the opinion that Allstate is without an adequate remedy at law and that the purpose of its action is to prevent a multiplicity of suits and to end litigation, it was entitled as a matter of law and equity to enjoin Hill from maintaining his counter-claim.

Since Allstate does not seek to interfere with the suit of Mrs. Ericson, the insured, against Hill or pray for any relief as to her, it is not necessary for us to make any ruling on the question as to whether Mrs. Ericson is so bound by the release executed

by Hill as to bar her suit. The record does not disclose an issue in this regard.

The trial court having erred in refusing to grant an interlocutory injunction, its judgment must be and is reversed.

*Judgment reversed. All the Justices concur, except Quillian, J., who dissents.*

QUILLIAN, Justice, dissenting. With all deference to my distinguished colleagues I am compelled to dissent from the majority opinion. The liability insurance policy issued by the plaintiff Allstate to Mrs. Ericson contained the standard clause referred to in the preceding statement of facts that the insurer "may make such settlement of any claim or suit as it deems expedient." The release obtained by the plaintiff from the defendant Hill was also in the usual form. The court of Appeals and appellate courts of other jurisdictions throughout the country have construed clauses and releases identical in form with the clause and release here considered. The clause when contained in an automobile liability policy confers absolute authority to settle any claim for damages against the insured within the coverage of the policy where the insured's claim for damages against another is not involved. However, the agency of the insurer to settle, on behalf of the insured, controversies arising out of an automobile collision in which the insured is involved is limited by the terms of the policy. "Insurance policies, and particularly the one in the instant case, habitually state that the insurer's functions are limited to the terms and conditions of the policy. The authority of the insurer to make settlements is limited to the insurer's own resources and it is not empowered by the policy, without the assured's knowledge and consent, to contribute toward the settlement either cash or other property, such as causes of action, belonging to the assured. The policy does not create such an agency, and the Heinemann case [270 Wis. 443], supra, shows so, for there we held that the cause of action owned by the insurer who had procured the settlement was barred by estoppel while the cause of action owned by the assured was not to be barred unless further inquiry determined that the assured had been consulted about the settlement and had participated therein to the extent of

consenting to it." Birkholz v. Cheese Makers Mut. Cas. Co., 274 Wis. 190 (79 NW2d 665, 666).

In the case of Bratton v. Speaks (Ky.) 286 SW2d 526, it is aptly held that although an automobile liability insurer had authority under the policy to adjust demands against the insured, the insurer did not have implied authority to adjust, settle, or release any demand its insured might have against another.

"A standard automobile liability insurance policy (such as that issued to instant plaintiff) specifically provides that the insurer 'may make such investigation, negotiation and settlement of any claim or suit as it deems expedient,' thus empowering the insurer to act independently in protecting the interests of itself and its insured. However, such policy does not confer upon the insurer any express or implied authority to settle an insured's claim against a third party or otherwise prejudice the substantial rights of an insured without his knowledge or consent, and the general rule is that settlement by an insurer of a claim against its insured, where effected without the insured's knowledge or consent and not thereafter ratified or adopted by him, does not bar an action by the insured." Faught v. Washam (Mo.) 329 SW2d 588, 594.

In Fikes v. Johnson, 220 Ark. 448 (248 SW2d 362, 32 ALR2d 934, 935) a clear holding on the subject is, that a settlement, made by a liability insurer without the knowledge or consent of the insured, for damage to a truck which collided with the insured's vehicle, does not preclude an action by the insured against the truck owner for personal injuries and property damage suffered by the insured, where the policy empowers the insurer to settle claims against the insured but does not authorize it to settle or release the insured's claims. Following the report of the case in the American Law Reports, is the annotation: "The courts which have considered the question are agreed that a liability insurer's settlement of a claim against the insured, made without the insured's consent or against his protests of nonliability, and not thereafter ratified by him, will not ordinarily bar an action by the insured against the person receiving the settlement, on a claim arising out of the same state of facts." Annot.,

32 ALR2d 937, 938. Then follows the citation of supporting authorities, including *Foremost Dairies v. Campbell Coal Co.,* 57 Ga. App. 500 (196 SE 279) and U. S. A. C. Transport, Inc. v. Corley, 202 F2d 8.

I have found other cases of similar import, among which is DeCarlucci v. Brasley, 16 N. J. Super. 48 (83 A2d 823, 824), where it is held that a standard provision in a liability policy which gives to the insurer final determination of the question whether a case is to be tried or settled does not confer upon the insurer, without consent of the insured, authority to prejudice the right of the insured to maintain an action in his own right, but refers only to situations in which the insurer may be held liable. Daniel v. Adorno (D.C. App.) 107 A2d 700. See also Beauchamp v. Clark, 250 N.C. 132 (108 SE2d 535); Lampley v. Bell, 250 N.C. 713 (110 SE2d 316, 317); Heinemann Creameries v. Milwaukee Auto. Ins. Co., 270 Wis. 443 (71 NW2d 395); Birkholz v. Cheese Makers Mut. Cas. Co., 274 Wis. 190, supra; Klotz v. Lee, 36 N. J. Super. 6 (114 A2d 746); Hurley v. McMillan (Tex. Civ. App.) 268 SW2d 229.

In none of the cases is the rule stated with more clarity than in the case of *Cochran v. Bell,* 102 Ga. App. 617, 618 (117 SE2d 645), written by Judge J. M. C. Townsend: "It follows from the foregoing statements of law that where following an automobile collision in which both the plaintiff and the defendant suffer damage, the insurance company carrying the plaintiff's liability insurance pays the defendant some amount in satisfaction of his claim against the plaintiff and receives a release of all claims in return therefor, this constitutes a settlement of the entire injury and damage which, while not binding upon the plaintiff in the first instance because not authorized by him, places the plaintiff in a position of being able to elect whether to ratify or repudiate the settlement."

The text of American Jurisprudence, 5A Am. Jur. 119, Automobile Insurance, § 117, predicated upon the weight of authority reads: "An automobile liability insurer's settlement of a claim against the insured, made without the insured's consent or against his protests of nonliability, and not thereafter ratified by him, will not ordinarily bar an action by the insured against

the person receiving the settlement, on a claim arising out of the same state of facts."

From the authorities to which reference has been made, it is apparent that where the insured is involved in an automobile collision with another and each claims damages of the other the insurer is not, by the policy clause providing that it "may make such settlement of any claim or suit as it deems expedient," clothed with authority to settle the controversy without the insured's consent.

The rationale of the rule is that where the claims of the insured and another against each other arise out of the same occurrence, a valid release of liability accepted by him, or by one who has authority to secure the same on his behalf, extinguishes the insured's claim for damages against the releasor. Hence, it is apparent that the insurer can not, in such a situation, settle the claims for damages against the insured without, by the same operation, settling the insured's claim for damages. *Griffin Hosiery Mills v. United Hosiery Mills*, 31 Ga. App. 450 (120 SE 789); *Giles v. Smith*, 80 Ga. App. 540 (56 SE2d 860). The conclusion that where the insured assents to or elects to ratify the act of the insurer in obtaining the release of liability from the party with whom he is involved in an automobile collision, the whole controversy concerning the collision is completely settled, rests upon the principle that there can be but one satisfaction of a tort. However, where the insured neither assents to the settlement nor ratifies the act of the insurer in making the same, there is no valid settlement between the insurer and releasor.

When the insured elects not to plead a release of liability obtained from the releasor and completely repudiates it by bringing suit for damages arising out of the same occurrence to which the release of liability relates, the releasor may sue the insured for such damages as sustained in the incident. His suit may in such a situation be set up by way of a cross-action to the insured's suit for damages. As was held in *Cochran v. Bell*, 102 Ga. App. 617, 618, supra: "Pleadings proved by undisputed facts to be false, and denominated in those cases sham pleadings, may be stricken on motion, in the jurisdictions concerned, which

is only another way of saying that pleadings at variance with undisputed facts have no legal efficacy. Assuming, as does the plaintiff, that the defendant in this action knew at the time the cross-action was filed that it was not sustainable by him in view of his previously executed release, yet the defendant had no way of knowing whether or not the plaintiff would elect to rely on that release in such manner as to defeat the cross-action. The plaintiff might have chosen not to rely upon the validity of the release and not to procure this legal advantage to herself on the strength of it; she might even have been able in the course of the trial to show, in mitigation of the defendant's damages, that he had already received certain sums of money as compensation." Neither the petition in the instant case nor the record discloses any evidence that the insured Mrs. Ericson either assented to the plaintiff insurer making the settlement with the defendant Hill or ratified its act in making the settlement. In the stated circumstances, as between Mrs. Ericson and Hill there was no valid settlement and the release of liability did not extinguish the right of either to recover damages of the other. It follows that Mrs. Ericson having repudiated the release of liability executed by the defendant Hill as a contract binding upon her and, despite the existence of the release, instituted a suit for damages against him, Hill had a right to set up his claim for damages against her by way of his cross-action.

The clause previously discussed authorizes the insurer in any event to settle on its own behalf, and as between itself and the party claiming damages of the insured for which the insured according to the terms of the policy might become liable. The release of liability obtained in good faith absolves the insurer of liability even though the instrument is repudiated by the insured and does not constitute a binding contract of settlement between the insured and the releasor who each claim the right to recover damages of the other. It releases the insurer of responsibility to both the insured and releasor to respond to any judgment that may be entered against the insured for damages. *Giles v. Smith,* 80 Ga. App. 540, supra; Attleboro Mfg. Co. v. Frankfort Marine &c. Ins. Co., 240 F. 573; U. S. A. C. Transport v. Corley, 202 F2d 8, 11, supra. The holdings supporting the

above stated conclusions are old and their reasoning sound. In the case of *Foremost Dairies Inc. v. Campbell Coal Co.,* 57 Ga. App. 500, 507, supra, it is succinctly stated: "By entering into the agreements contained in the policy the defendant (the insurance company) did not become the plaintiff's (the insured's) agent in respect to the defense or settlement of the suit. It stood rather in the position of an independent contractor for it was given the control of the defense and settlement of the suit, and was in nowise subject to the plaintiff's direction."

The insured Mrs. Ericson is, as a matter of equity, entitled to have any judgment that may be entered against her in favor of the defendant Hill on his cross-action credited with the amount paid him by Allstate for the release. This is on the theory that in no event is Hill entitled to receive more than the amount required to satisfy his claim for damages. *Griffin Hosiery Mills v. United Hosiery Mills,* 31 Ga. App. 450, supra; Klotz v. Lee, 36 N. J. Super. 6, supra. Still, this is not a matter that need be set up in mitigation of the amount of damages, and it is certainly unnecessary for the insurer Allstate to plead the same, because the insurer is not concerned in the outcome of the action for damages between Mrs. Ericson and the defendant Hill, since neither of those parties can call upon it to respond to any judgment entered in the case.

For the reasons demonstrated by the conclusions reached in this dissent, the plaintiff Allstate is not, according to my view of the matter, entitled to enjoin the prosecution of the cross-action or to intervene in the suit for damages between its insured Mrs. Ericson and the defendant Hill.