22922.   BROWN v. SEABOARD LUMBER & SUPPLY
COMPANY, INC. et al.

ARGUED APRIL 13, 1965—DECIDED MAY 7, 1965.

*Robert A. Carpenter, A. Tate Conyers,* for plaintiff in error.

*Long, Weinberg & Ansley, Ben Weinberg, Jr., Hurt, Hill & Richardson, James C. Hill, Arnold Wright, Jr.,* contra.

QUILLIAN, Justice. In *Aetna Cas. &c. Co. v. Brooks,* 218 Ga. 593 (129 SE2d 798), it was held that under a provision in an automobile liability insurance policy which authorized the insurer to "make such investigation and settlement of any claim or suit as it deems expedient" the insured gives express authority to the insurer and constitutes it the insured's agent for the purpose of effecting settlement of claims and that a settlement so obtained by the insurer was binding upon the insured without regard to whether the insured had knowledge of the settlement, consented to it or subsequently ratified it. While the effect of this ruling has been abrogated by statute, Ga. L. 1963, p. 643, the release in question was executed on June 8, 1961, and it is conceded by the parties at interest that the *Brooks* case is applicable.

Here the insured in an action against the insurer and alleged third party tortfeasors attempts to set aside such a release. The basis of her contention is that, conceding the insurer was her agent under express authority of the contract (as held in *Allstate*

*Ins. Co. v. Hill,* 218 Ga. 430, 128 SE2d 321, and the *Brooks* case, supra): (1) the insurer acted fraudulently and for its own benefit; (2) the insurer and the other defendants conspired together in making the settlement. While it is generally alleged that the settlement was the result of the disloyal and fraudulent acts of Northern and that because of the concurrent and conspiring acts of the defendants the plaintiff was deprived of her right of action against Hill and Seaboard, the specific allegations failed to show fraud or conspiracy. Thus, the rule is applicable: "No cause of action is stated in a petition which states mere legal conclusions of conspiracy, collusion and fraud with no facts alleged upon which to base them except general and loose allegations consisting of statements without facts upon which the conclusions are based." *Budget Charge Accounts v. Peters,* 213 Ga. 17 (2) (96 SE2d 887); *Johnson v. Ellington,* 196 Ga. 846 (28 SE2d 114).

Furthermore, the insurer is not shown to have acted in bad faith, as contended by plaintiff's counsel in his brief to this court, merely by settling the claim which resulted in the insured being bound, since the rule of law pronounced by our appellate courts at that time (1961) was that the insured would not be bound by such settlement. *Foremost Dairies v. Campbell Coal Co.,* 57 Ga. App. 500 (196 SE 279); *Cochran v. Bell,* 102 Ga. App. 617 (117 SE2d 645). Under former *Code* § 56-706 (now *Code* § 56-1206; Ga. L. 1960, pp. 289, 502, Ga. L. 1962, p. 712), this court has consistently held that no "bad faith" exists where there is a doubtful question of law involved. *Northwestern Mut. Life Ins. Co. v. Ross,* 63 Ga. 199, 200; *Equitable Life Assurance Society v. Gillam,* 195 Ga. 797 (2) (25 SE2d 686, 147 ALR 1008).

*Judgment affirmed. All the Justices concur, except Quillian, J., who dissents.*

QUILLIAN, Justice, dissenting. The above opinion expresses the view of the majority of the court. I have profound respect for the opinions of my learned colleagues, but as stated in the dissent in *Allstate Ins. Co. v. Hill,* 218 Ga. 430, 435 (128 SE2d 321), I am unable to agree with the conclusion reached in this case.