A91A1164. SCHOEN v. ATLANTA CASUALTY COMPANY.
(407 SE2d 91)

McMURRAY, Presiding Judge.

Plaintiff Atlanta Casualty Company was the insurer of an automobile owned by defendant Schoen. Someone broke into defendant's automobile and stole the stereo system and the alarm system. Defendant submitted claims to plaintiff for both the property damage done to the vehicle and for the stolen equipment. Plaintiff paid defendant for the damage done to the vehicle but refused to compensate defendant for the value of the stolen equipment maintaining that it was not covered under the policy. After defendant continued to assert that the stolen equipment was covered and that he was entitled to insurance proceeds for that loss, plaintiff filed a declaratory judgment action. Defendant answered and counterclaimed for the claimed loss, and penalties and attorney fees pursuant to OCGA § 33-4-6.

On opposing motions for summary judgment, the superior court determined that the insurance policy covers both the stereo system and the alarm system stolen from defendant's automobile. Defendant's motion was granted and plaintiff's motion was denied as to these issues. The superior court also concluded that plaintiff is not subject to an award of bad faith penalties and attorney fees on de-

fendant's counterclaim under OCGA § 33-4-6 and granted plaintiff's motion for partial summary judgment on this issue. Defendant appeals from the grant of plaintiff's motion for partial summary judgment rejecting his claim for bad faith damages and attorney fees. *Held:*

The insurance policy at issue contains the following provisions:

### "COVERAGE FOR DAMAGE TO YOUR AUTO

"Subject to the exclusions hereinafter stated, we will pay for direct and accidental loss to **YOUR COVERED AUTO**, or any **NON-OWNED auto**, including its permanently attached equipment which is considered standard, . . ."

Plaintiff's motion for partial summary judgment as to defendant's claims for bad faith penalties and attorney fees was predicated on the hypothesis that the construction of the insurance policy advanced by plaintiff presented a reasonable question of law. "Where the questions of law involved in a case are intricate and difficult of solution, the insurer has the right to contest payment of the claim and is not guilty of bad faith in refusing to pay it. [Cits.]" *United States Fidelity &c. Co. v. Woodward*, 118 Ga. App. 591, 594 (2) (164 SE2d 878).

In addition to other arguments, plaintiff maintained that the stereo system and alarm were not covered under the policy because they were not equipment which is "considered standard" within the meaning of the insurance policy. This raised an issue as to the meaning of "standard" as used in the insurance policy. Since the term was not defined, the superior court proceeded to seek its usual and common signification. OCGA § 13-2-2 (2).

Plaintiff argued that the term "standard" is related to the quality or nature of the equipment appropriate in relation to the price of the automobile. Defendant had purchased the insured automobile for approximately $14,200 and the stereo equipment and alarm for $2,880.40. Such an extraordinary and disproportionate expenditure for custom accessories was not within the meaning of "standard" which means regular, typical or ordinary, plaintiff argued. Indeed, the superior court found that as used in the policy, "standard" was ambiguous and that one of the alternative meanings was that it related to *quality* or *nature* as advocated by plaintiff. The superior court rejected this construction due to a lack of guidance in the policy for its application, and chose to adopt the construction which most favored the insured, that is, that "standard" refers to the *type* of equipment usually, ordinarily or regularly found in automobiles.

While plaintiff did not prevail, it presented a reasonable ground for contesting the claim. Since under OCGA § 13-2-2 (2) the usual and ordinary signification of "standard" was at issue, it was not un-

reasonable in such a first impression situation as the case sub judice to advocate that a commonly recognized definition of the term was intended. "[O]ur courts have 'consistently held that no "bad faith" exists where there is a doubtful question of law involved.' *Brown v. Seaboard Lumber &c. Co.*, 221 Ga. 35, 38 (142 SE2d 842)." *United States Fidelity &c. Co. v. Woodward*, 118 Ga. App. 591, 594 (2), supra. "[T]his case is one of first impression in Georgia in its interpretation of the specific language . . ., and presented a close question as to the construction to be given this language." *Johnson v. Nat. Union Fire Ins. Co.*, 177 Ga. App. 204, 207 (2) (338 SE2d 687). The superior court did not err in granting plaintiff's motion for partial summary judgment as to defendant's claim for bad faith damages and attorney fees.

*Judgment affirmed. Sognier, C. J., and Andrews, J., concur.*

DECIDED JUNE 20, 1991.

*Cohen, Pollock & Merlin, Martin M. Pollock, Carla J. Dolce,* for appellant.

*Bentley, Karesh, Seacrest, Labovitz & Campbell, Gary L. Seacrest, Manuel S. Campano, Dan J. Colley,* for appellee.